# CHARLESTON.

## BARRETT v. RALEIGH COAL & COKE CO.

Submitted March 1, 1904—Decided March 22, 1904.

1. DEMURRER TO EVIDENCE.—*Verdict of Jury.*
    In treating a demurrer to evidence as on a verdict of a jury in favor of the demurree, the court should be governed by the rules and principles established in the case of *Johnson* v. *Burns,* 39 W. Va. 658, and not the old rules and principles thereby superceded and rendered obsolete. (p. 397).

2. DEMURRER TO EVIDENCE—*Evidence Conflicting.*
    On demurrer to evidence, if it be conflicting, judgment in favor of the demurree should be given, unless the evidence plainly and decidedly preponderates in favor of demurrant on some decisive point. (p. 398).

55   395
56   510

55   395
58   221
58   316

55   395
60   451

55   395
61   240

55   395
f66  603
f66  605

3. DEMURRER TO EVIDENCE.—*Decided Preponderance.*

On demurrer to evidence, if the evidence though conflicting, plainly and decidedly preponderates in favor of the demurrant, on some decisive point, the demurrer should be sustained, and judgment should be given for the demurrant. (p. 398).

4. DEMURRER TO EVIDENCE.—*Overruled When.*

On a demurrer to evidence, although the evidence in favor of the demurree may be weak, doubtful or questionable, the demurrer will be overruled unless on some decisive point at issue, the evidence in favor of the demurrant plainly and decisively preponderates over the evidence as to the same point in favor of the demurree. (p. 398).

5. DEMURRER TO EVIDENCE—*Judgment Reversed.*

When the circuit court has found for the plaintiff on a demurrer to evidence by the defendant, this Court will not disturb such finding, unless it is against the plain and decided preponderance of the evidence, or is wholly without evidence to support it. (p. 399).

6. BROKEN CONTRACT.—*Measure of Damages.*

A plaintiff contractor who sues for the profits on his contract, which he was prevented from fulfilling by his employer, without fault on his part, is entitled to recover the full consideration for such contract, less the expense of fulfilling the same. (p. 401).

7. BROKEN CONTRACT—*Certainty as to Damages.*

Plaintiff in such a case is not bound to prove what his profits would have been with absolute certainty, but only with such reasonable certainty as will satisfy a jury as to the reasonableness of his demand or estimate. Remote or doubtful contingencies are insufficient to destroy the reasonable certainty of such demand. (p. 402).

8. DEMURRER TO EVIDENCE.—*When Judgment Reversed.*

A judgment in favor of demurree on conflicting evidence will not be disturbed unless upon a plain legal ground, sufficient to preclude any recovery on the part of the demurree.     (p. 402).

Error to Circuit Court, Raleigh County.

Action by Leon Barrett against the Raleigh Coal and Coke Company. Judgment for plaintiff. Defendant brings error.

*Affirmed.*

JOHN H. HATCHER and W. A. FRENCH, for plaintiff in error.

BROWN & BALL, W. L. ASHBY and A. A. LILLY, for defendant in error.

DENT, JUDGE:

The Raleigh Coal and Coke Company complain of a judgment of the circuit court of Raleigh County, rendered against it on the 28th day of July, 1903, for the sum of $930.00, at the suit of Leon Barrett. The plaintiff obtained a judgment on a former trial, which was brought here by the defendant and reversed. *Barrett* v. *Coal Co.,* 51 W. Va. 416. On a second trial, the jury rendered a second verdict in favor of the plaintiff, which on motion of the defendant, was set aside by the circuit court. On the third trial, the defendant probably fearing an adverse verdict against it which might not be set aside, demurred to the evidence so as to cast on the court the duty of deciding the law in the case applicable to the evidence. The circuit court overruled the demurrer, and entertained judgment for the defendant. Hence this writ of error.

The first question that presents itself is as to what rule should govern in cases of demurrer to evidence, the new rule of *Maple* v. *John,* 42 W. Va. 30, supported by *Talbott* v. *Railroad Co.,* 42 W. Va. 560, and *Teal* v. *Ohio R. R. Co.,* 49 W. Va. 85, or the old rule as held in *Shaver* v. *Edgell,* 48 W. Va. 502 (37 S. E. 8), sustained by Hogg's Pleadings and Forms, 537. Or can and should these rules be reconciled to mean virtually the same thing, except that the old rule is modified by the holding of this Court in the case of *Johnson* v. *Burns,* 39 W. Va. 658.

In the case of *Shaver* v. *Edgell,* 48 W. Va. 512, JUDGE BRANNON says: "I hesitate not to say that if this case had been wholly left to the jury, and it had found a verdict for the defendant, the Court must have set it aside as unwarranted by the evidence, and this being so, the circuit court in this case was warranted in giving judgment for the plaintiff upon the demurrer. *Gunn* v. *Ohio River R. R. Co.* 42 W. Va. 681."

In the latter case it is said "If the evidence is such that, if there were a verdict in favor of the demurree, the court ought not to set it aside, then on demurrer to the evidence the court ought to give judgment against the demurrant."

Both these cases were decided since the case of *Johnson* v.

*Burns,* cited. Hence when they use the word verdict, they mean a verdict determined according to the rule laid down in the latter case, and not the rule existing prior to that time. The old rule regarding the review of a verdict of a jury was modified by the holding in the case of *Johnson* v. *Burns,* to suit the statutory requirement that the court should consider the whole of the evidence certified, and thereby incidentally modified the rule relating to the consideration of the evidence on demurrer, and this is the new rule established in the case of *Maple* v. *John.* To hold otherwise we must say in cases of demurrer to evidence, that when the word verdict is used, it is according to its ancient effect prior to the decision of *Johnson* v. *Burns.* This would make unnecessary confusion between the present rule relating to motions to set aside the verdict of juries, the motion to exclude the evidence, the motion to direct a verdict and a demurrer to the evidence, all which motions should be governed by the same principles of law, and this is that where the evidence plainly preponderates in favor of a litigant, he is entitled to judgment. If the evidence so plainly preponderates in favor of the demurrant a verdict of a jury in favor of the demurree would be set aside then the court will sustain the demurrer, and give judgment for the demurrant, otherwise the judgment must be for the demurree. This verdict must be governed by the new standard established by the case of *Johnson* v. *Burns,* and not the old standard that was thereby modified. On the subject of the conflict of evidence the rule then would be that all the evidence of the demurrant in conflict with the evidence of the demurree should be rejected unless the conflicting evidence of the demurrant so plainly preponderates over the evidence of the demurree, that if there were a verdict in favor of the latter it would be set aside, and in such case the demurrer must be sustained. For if the evidence, although conflicting, plainly preponderates in favor of the demurrant, judgment should be entered accordingly.

This makes judgment on demurrers to evidence harmonize with the later decisions founded on the verdicts of juries following the case of *Johnson* v. *Burns. Miller* v. *White,* 46 W Va. 68; *Limer* v. *Traders Co.,* 44 W. Va. 175; *Davidson* v. *Railway Co.,* 41 W. Va. 407 (23 S. E. 593).

Following this rule, the judgment in favor of the demurree

in this case, cannot be disturbed, unless the evidence, though conflicting plainly and decidedly preponderates in favor of the demurrant, or the evidence of the demurree is for some reason legally insufficient to sustain the judgment.

The first question raised by the demurrant is that the writing introduced by the defendant is not a completed contract binding on the defendant, because not signed by its president and sealed with its corporate seal, but is only signed by its superintendent, William Lang. Nevertheless it was received by the company, and acted on between the parties as a completed contract, and on the former appeal to this Court no such objection was interposed, but the contract was admitted so that the court cannot do otherwise than treat it as a binding contract between the parties thereto, and a jury would have the right to find that it was ratified and confirmed by the conduct of the parties in relation thereto, and such finding could not be disturbed.

The plaintiff's case is that he was to make and burn 500,000 brick for the defendant at the price of $5.00 per thousand to the satisfaction of the superintendent, on the defendant's land; the defendant to furnish the clay and the coal necessary to burn the bricks; that he proceeded to get ready to make and burn the whole amount of brick by preparing the yard and securing the necessary implements; that he made and burned sixty thousand (60,000) of such brick; that he was then notified by the then superintendent. Mr. Bunn, not to make any more brick as the company had all the brick it needed, and more too; that he then saw the president, who told him not to make any more brick; that when they needed any more they would make another contract; that plaintiff's contract was a mere memorandum, not binding on the defendant; that plaintiff answered that he would see whether it was not a binding contract, and refused to sign a receipt in full on payment of his hands for the labor performed by them, claiming that the defendant should pay for the preparation made for making the five hundred thousand brick. This the defendant refused to do. The plaintiff then brought this suit, claiming as due him a prospective profit of $2.00 per thousand on the whole 500,000 brick, deducting therefrom the amount already received by him, leaving a balance, with interest, as ascertained by the jury, amounting to $920.00   The plaintiff's proof undoubtedly sustained the

plaintiff's contentions, and the only question presented for the court is as to whether as to any material and controverted point, the evidence of the plaintiff plainly and decidedly preponderates.

Defendant's second position is that Mr. Bunn had no authority to stop Mr. Barrett from completing his contract, and that in fact that neither what Mr. Bunn nor Mr. Lucado, the president of the company, said to him was a sufficient breach of the contract, to authorize the plaintiff to stop work thereunder. On these propositions the feigned verdict is for the plaintiff and the plain and decided preponderance of the evidence does not controvert the same. On the contrary, it is fully sustained by the evidence, for it shows that the defendant had changed its superintendent, and with him its plan for future work, and therefore did not intend or need to carry out its contract with plaintiff.

Defendant's third position is that if the contract is held valid, and that the defendant has broken the same, that such breach is warranted by the inability of the plaintiff to make such brick as are specified in the contract. This is an after consideration, and was not given to plaintiff at the time it refused to permit him to proceed with his contract, as a reason for such refusal. Plaintiff's answer to this is that he made just as good brick as could be made with the clay and coal furnished him by the defendant, and that the defendant accepted those already made, and did not interpose this objection until after suit was brought, and that the bricks could have been sold to other parties for $6.00 per thousand, but the defendant refused to allow them to be sold. On this proposition, the evidence is conflicting, and does not plainly and decidely preponderate in favor of the defendant so as to overthrow the feigned verdict in favor of the plaintiff.

The defendant's fourth position is that the plaintiff has not shown in his evidence that his profits would have amounted to $2.00 per thousand, but that the evidence shows that if he had been permitted to fulfill his contract, he would have suffered a loss instead of gaining a profit. On this question also the evidence is conflicting, and the plain and decided preponderance is not in favor of the defendant. The court is not able to say how a jury would have found on this question, but the defendant

having admitted that such finding would have been against it, the court cannot say that such finding was opposed to the plain and decided preponderance of the evidence.

It is sufficient to say that plaintiff's own evidence fully sustains his case if there was no other evidence in the case. His evidence is contradicted to some extent by the witnesses for the defendant, but it is supported by his own witnesses. As to the credibility of the witnesses the jury is ordinarily the sole judge. *Smith* v. *N. & W. Ry. Co.*, 48 W. Va. 69; *Trump* v. *Coke Co.*, 46 W. Va. 238 (33 S. E. 1035); *Young* v. *Railroad Co.*, 44 W. Va. 218 (28 S. E. 932); *Sisler* v. *Shaffer*, 43 W. Va. 769 (28 S. E. 721); *Akers* v. *DeWitt*, 41 W. Va. 229 (23 S. E. 669). With the credibility of the witnesses, the court has nothing to do on a demurrer to evidence, as a general rule, for the demurrer admits the credibility of the demurree's witnesses as established. If the defendant had stopped the plaintiff from fulfilling his contract, for the reason that he was unable to make and burn brick to its satsfaction, and had given him such reason for stopping him, the plaintiff might have had no cause of action, but it stops him because it does not need any more brick, because apparently of a change of superintendent and plans without giving him any other reason and then after it is sued on its contracts, it sets up the various after considered pretexts that there was no binding contract, that its servants did not stop the execution of the contract, that plaintiff could not make good brick, and that plaintiff would have lost money if permitted to execute the contract. These are contradictory, evasive, issues, instead of meeting plaintiff with a square issue yet if any of them were fully sustained by a clear and decided preponderance of the testimony, a jury would have been bound to have found in favor of the defendant. They were thrice submitted to different juries. The first two found for the plaintiff and the defendant virtually admits that the third would have done likewise. It may be that the juries were moved by the apparent lack of fairness on the part of the defendant in dealing with the plaintiff. But however this may be, the evidence being decidedly conflicting, and the facts being determined by the demurrer in favor of the plaintiff, there is no question of law presented by the evidence that will enable this Court to

say that the circuit court erred in overruling the demurrer to the evidence and entering judgment for the plaintiff.

The damages appear to be excessive. This was a question for the jury and not for the court, and the defendant made no motion to set aside the verdict because of excessive damages, if such motion was even proper, on the return of the third verdict.

Defendant claims that the damages are speculative, and not certain. *Beatty Lumber Co., v. W. U. Tel. Co.,* 52 W. Va. 410; *Douglas* v. *Railroad Co.,* 51 W. Va. 523; *Bodkin* v. *Arnold,* 48 W. Va. 108; *Hare* v. *Parkersburg,* 24 W. Va. 554; *Jones* v. *Adams,* 8 W. Va. 568. In the case of the *United States* v. *Behan,* 110 U. S. 339, the rule is stated to be, in case a contractor sues for the profits on a contract which he is prevented from fulfilling by breach of his employer without fault on his part, is the difference between the cost of doing the work and what he was to receive for it. 3 Sunderland on Damages section 743; *B. & O. R. R. Co.* v. *Stewart & Co.,* 79 Md. 487.

The plaintiff is not bound to prove such profits with absolute certainty, but with only reasonable certainty, and the fact that the employer might reject the work as not done to his satisfaction when completed, would not render such profits uncertain, especially if the contractor might get a larger price for the brick when completed than his employer agreed to pay him for the same.

There is evidence tending to show that the plaintiff could have received $6.00 per thousand for the brick made and burned if the defendant had rejected the same absolutely and permitted him to sell them. The defendant had no right to reject the brick as not according to the contract, and at the same time retain the same and refuse the plaintiff the right to sell and make his expenditures therefrom. If the brick were rejected, plaintiff was entitled to a lien thereon for the money, time, and labor, expended in producing them, although the defendant might be entitled to hold them for its advances.

The probability that the defendant might have rejected all the brick when completed, and that the plaintiff would have thereby sustained the complete loss thereof is too uncertain a contingency to render plaintiff's estimate of his profits so uncertain as to prevent a recovery therefor. All that the plaintiff was required to prove was that the profits claimed were reason-

ably certain to have been realized but for the wrongful act of the defendant. *B. & O. R. R. Co.* v. *Stewart & Co.*, cited.

Defendant claims that the evidence shows that the plaintiff would have incurred a loss instead of realizing a profit out of his contract, and implied by that defendant deserves a reward for stopping him instead of being compelled to pay his estimated profits. This might have been urged before a jury as the evidence is conflicting, but it is not a question for the court unless it is clearly and decidedly plain that the plaintiff would have suffered loss instead of having made a profit on his contract. The court cannot so determine.

The various questions raised by the defendant are questions of fact, dependent on the evidence which is highly contradictory and conflicting, and on most material points favorable to the plaintiff. For this Court to overrule the circuit court, and sustain the demurrer to the evidence, the Court must hold that the evidence plainly does not justify a judgment in favor of the plaintiff for any sum whatever. The defendant has placed itself in the position of saying to the court if the plaintiff is entitled to any recovery, he is entitled to the full amount of the conditional verdict of the jury.

The character of the evidence in this case, as to the binding force of the contract; the alleged breach thereof; the ability of the defendant to fulfill it, for the want of experience, lack of means or character of material to be used, or the satisfactory character of the work already done; and as to whether there would result a profit or loss and the amount thereof, demanded a submission to a jury as the proper triers of all such and similar questions of fact, and the jury's verdict rendered on a fair hearing should have ended the controversy. As to the questions of fact, and these are all that are left for consideration, on conflicting testimony of witnesses, the plaintiff was entitled to a trial by jury, and the defendant could not deprive him of such trial by demurring to the evidence, unless it could present a plain legal ground, not subject to disputed questions of fact, which would preclude any recovery on the part of the plaintiff.

No such decisive legal ground appearing, this Court must affirm the judgment of the circuit court.

*Affirmed.*