# CHARLESTON.

SMITH *v.* ATLAS-POCAHONTAS COAL COMPANY.

Submitted June 3, 1909.    Decided December 21, 1909.

1.  MINES AND MINERALS—*Mining Contract—Breach—Pleading.*
    The allegation in a declaration on a contract to dig and mine coal, that defendant instructed, ordered and demanded plaintiff to cease, and stopped him from further mining and delivering said coal, sufficiently avers a breach of the contract by defendant, amounting to a renunciation and repudiation of the contract by him, excusing further performance thereof by plaintiff, and giving him right of action against defendant as for a breach thereof.   (p. 602).

2.  DAMAGES—*Breach of Contract—Proof—Certainty.*
    Where the evidence justifies it the trial court may properly instruct the jury, "that where one sues for the profits on a contract which he was prevented from fulfilling by the other party, without fault on his part, he is entitled to recover the full contract price less the expense of fulfilling the contract," and "that the plaintiff in such case is not bound to prove what his profits would have been with absolute certainty, but only with such reasonable certainty as will satisfy a jury as to the reasonableness of his demand, and that remote and doubtful contingencies are insufficient to destroy the reasonable certainty of such demand."   (p. 602).

3.  SAME—*Breach of Contract—Loss of Profits.*
    In an action for damages for loss of profits due to a breach of contract by defendant, if sufficient facts and data be shown in evidence from which the jury may with reasonable certainty find substantial damages, the jury should not be limited by instructions to a finding of mere nominal damages.   (p. 604).

4.  MINES AND MINERALS—*Contracts—Breach—Instructions.*
    If in such a suit the contract alleged and proven does not require that the work to be done by plaintiff under the contract was to be done in any particular manner, an instruction telling the jury among other things that plaintiff must show *"how the work thereunder was to be done,"* and unless the plaintiff has proven these things to your satisfaction by a preponderance of the evidence you shall find for the defendant," was erroneous, the words above italicized being calculated to mislead and deceive the jury, and should either have been modified or rejected.   (p. 605).

66 W. Va.

5. COMPROMISE AND SETTLEMENT—*Proposal to Compromise—Effect.*
    A mere proposal by plaintiff amounting to a proposition of compromise of a claim for damages for breach of a contract, unaccepted by defendant will not estop or bar him of his right of action against defendant. (p. 606).

Error to Circuit Court, McDowell County.

Action by G. S. Smith against the Atlas Pocahontas Coal Company. Judgment for defendant, and plaintiff brings error.

*Reversed and New Trial Granted.*

*Cook & Howard,* for plaintiff in error.

*Anderson, Strother & Hughes,* for defendant in error.

MILLER, PRESIDENT:

The declaration contains the common counts and a special count in *assumpsit,* alleging in the special count the verbal contract sued on substantially as follows: That in consideration of the promise and agreement of plaintiff with defendant that he would do the necessary grading for a road bed for a tram or haul-way from the openings or outside entries to be made by plaintiff to the main haul-way of defendant, over which to haul the coal, and would dig and mine all the coal in a certain seam or vein under what was known as the "Spur," near Antler, Mc-Dowell county, below defendant's fourth entry, and deliver the same to said tram or haul-way in cars to be furnished by defendant, the defendant undertook and faithfully promised and agreed with plaintiff that it would furnish the material with which to construct said tram or haul-way, over which to transport said coal to the main haul or tram way of defendant; and would also furnish the timber necessary and suitable for mining the same, and would pay plaintiff for the coal so mined and delivered at the rate of sixty cents per ton, for each and every ton of two thousand pounds, so mined and delivered, payments for all the coal so mined and delivered each month to be made on regular pay days, the first Saturday after the twentieth day of the succeeding month. And the declaration further avers that pursuant to said contract plaintiff did the necessary grading for said road bed, and did dig, mine and deliver in cars furnished by defendant to said tram or haul-way of defendant about seven hundred tons of said coal, and for which defendant paid him

the said sum of sixty cents per ton for each ton of two thousand pounds, so mined and delivered, and that he was then ready, willing and able and desirous and had offered to dig, mine and deliver the remainder of said coal in accordance with the terms of said contract, but that defendant, wholly disregarding the agreement, promises and undertaking on its part, but contriving and intending to wrong, injure, oppress and defraud plaintiff in that behalf, would not permit him to dig, mine and deliver the remainder of said coal in compliance with and pursuant to said contract, but on the contrary had instructed, ordered and demanded plaintiff to cease, and stopped him from further mining and delivering said coal, of which it is alleged there remained twenty thousand tons to be mined and delivered. Whereby and by reason whereof it is further alleged plaintiff has been damaged in the sum of $2,000.00.

In a bill of particulars filed with the declaration plaintiff charges defendant with loss of profits at the rate of fifteen cents per ton on two thousand tons of coal, (evidently a clerical error, twenty thousand tons as alleged in the declaration, being intended), $3,000.00.

Defendant's demurrer to the declaration and each count thereof was overruled; and upon the trial on issues joined on defendant's pleas of not guilty, and the statute of frauds, and on the evidence of the plaintiff, defendant offering no evidence, the jury in accordance with defendant's instructions numbered 2 and 3, given, the only instruction asked by plaintiff being rejected, found for plaintiff one cent damages; upon which verdict the judgment complained of by plaintiff was pronounced.

The judgment below on the demurrer to the declaration is assigned by defendant as cross error. As the contract alleged remained executory there could have been no recovery under the common counts for a breach thereof. And it is claimed the special count is bad on demurrer, under the ruling in *Bannister* v. *Victoria Coal & Coke Co.*, 63 W. Va. 502, and that there could be no recovery under it. The breach alleged in that case was that defendant compelled plaintiff to cease work on the contract and leave the premises. This though somewhat specific was, under the facts and circumstances of that case, regarded insufficient to apprise the defendant of the facts relied upon.

No breach by defendant of contract as originally made was alleged, but as modified by parol agreement, denied by defendant. In this case the allegation is specific, and we think sufficient to put defendant on notice of the facts relied upon to show breach on its part. As already shown it is alleged in effect that defendant instructed, ordered and demanded plaintiff to cease, and stopped him from further mining and delivering coal, in effect averring renunciation and repudiation of the contract by defendant, excusing performance thereof by plaintiff and giving him right of action against defendant as for a breach thereof for damages sustained. 3 Page on Contracts, section 1437; *Delmar Oil Co.* v. *Bartlett,* 62 W. Va. 700; *Clark* v. *Franklin,* 7 Leigh 8; *Jones* v. *Singer Mfg. Co.,* 38 W. Va. 147, 150, and cases cited. The declaration we think clearly good on demurrer.

The first error assigned by plaintiff is, the rejection of certain evidence offered on his behalf. No brief was filed for him in this Court, but he gave notice of reliance upon his note of argument filed and printed with his petition for a writ of error. The record shows many objections sustained to questions propounded plaintiff's witnesses, but in each case, so far as we see, it does not appear what the answers would have been, or what was proposed to be proven by the witnesses. Many decisions of this Court say the rulings of the court below will not be considered here unless it manifestly appears that error has been committed to the prejudice of the complaining party. Besides, no specific questions are referred to, objections to which it is claimed were improperly sustained, and we think the assignment of error without merit.

The questions of merit upon which plaintiff's right of recovery depend are presented by plaintiff's instruction number one, rejected, and defendant's instructions numbered 2, 3 and 4, given, and by plaintiff's motion for a new trial, overruled, the grounds of the said motion being, misdirection of the jury, and that the verdict was contrary to law and evidence.

Plaintiff's instruction, refused, was as follows: "The court instructs the jury that where one sues for the profits on a contract which he was prevented from fulfilling by the other party, without fault on his part, he is entitled to recover the full con-

tract price less the expense of fulfilling the contract, and the court further instructs the jury that the plaintiff in such case is not bound to prove what his profits would have been with absolute certainty, but only with such reasonable certainty as will satisfy a jury as to the reasonableness of his demand; and that remote and doubtful contingencies are insufficient to destroy the reasonable certainty of such demand." This instruction certainly states a correct proposition of law, is not a binding instruction, and is fully justified by *Barrett* v. *Coal & Coke Co.,* 55 W. Va. 395, points 6 and 7 of the syllabus, and cases cited. If justified by the evidence it should have been given. It is objected to it that the profits proven were too remote, conjectural and speculative, and that the evidence disclosed no certain criterion for assessment of damages, and showed that they were too dependent upon numerous uncertainties and changing contingencies to constitute any definite and trustworthy measure of actual damages. We do not so view the evidence. We think it proves the contract substantially as alleged, breach thereof by defendant, and though not as specifically perhaps as it should have done, that plaintiff was always able, ready and willing to perform the contract upon his part, and entitling him to have the case go to the jury. It substantially proves that the vein or seam of coal which was to have been mined by the plaintiff under the contract was about three feet thick, the acreage by actual survey about 5.65 acres, and that it would have produced about 17070 tons; that the cost of mining for a part of the time would have been forty-five cents, and for the remainder of the time fifty cents per ton; that at sixty cents per ton of two thousand pounds, the plaintiff would have reasonably realized a profit of about ten to fifteen cents on each ton mined, the prices for mining shown by the evidence being about the same prices paid by defendant for mining coal out of the same vein, within a few hundred feet of the openings made by the plaintiff under his contract. Some effort was made by defendant's counsel on cross examination to show contingencies such as water in the mine, defects or faults in the vein, and to suggest doubt whether the whole area surveyed included coal of the thickness described and other contingencies. We do not mean to say or

intimate what verdict the jury should have found on the evidence; but we do say there was enough shown in evidence to have entitled plaintiff to a submission of the case to the jury on this theory of substantial damages, and without being limited to nominal damages. It was perfectly competent for the defendant, with the experience in working the same vein, to have shown to the jury, in mitigation of damages, all such contingent facts and circumstances as were proveable; but defendant offered no evidence whatever.

Defendant's instructions numbered two and three relate to the same subject. Number two told the jury that in case they should find for plaintiff they could only find a verdict for nominal damages, and could allow him nothing for profits which he might have made had he mined the coal referred to in the evidence, or for expenses incurred by him in and about said work; number three that nominal damages is such trifling sum as one cent, six cents, or other trifling amount. Defendant undertakes to justify these instructions upon the same theory on which it opposed plaintiff's instruction number one; and it also relies upon *Douglass* v. *Railroad Co.,* 51 W. Va. 523, 533. That case was an action for breach of a covenant to maintain all necessary cattle guards and crossings on plaintiff's land. To show damages, plaintiff endeavored to prove the difference between profits that he might have realized by grazing the land, and what he actually realized from cropping. He gave no statement of expenditures, or the number of cattle kept by him, and no year, and in fact no data of definite character by which to fix or measure damages so that any estimate would have been simply arbitrary. Judge Brannon says, "this evidence was improper and unavailing, because it proposed an improper basis for an allowance of damages. Profits by grazing, or any other business to be carried on in future, is dependent on numerous contingencies, and any estimate of future profits can only be conjectural, speculative, simply guess work." But this was said with reference to the particular facts and circumstances of that case, and can properly have application only to cases of the same character. In this case data of a definite character is given, and from which the jury might have found substantial damages for plaintiff. The facts in this case re-

66 W. Va.

semble those in *Barrett* v. *Coal Co., supra.* The rule stated there is that in case a contractor sues for the profits on his contract, which he was prevented from fulfilling by breach by his employer, without fault on his part, is the difference between the cost in doing work and what he was to receive for it, and in such cases the Court says: "The plaintiff is not bound to prove such profits with absolute certainty, but with only reasonable certainty, and the fact that the employer might reject the work as not done to his satisfaction when completed, would not render such profits uncertain, especially if the contractor might get a larger price for the brick when completed than his employer agreed to pay him for the same." It is also said in that case, "All that the plaintiff was required to prove was that the profits claimed were reasonably certain to have been realized but for the wrongful act of the defendant." The same rule is affirmed in *Hurxthal* v. *Boom Co.,* 65 W. Va. 347. We think these instructions clearly wrong, and that they should not have been given.

Defendant's instruction number four was as follows: "The court instructs the jury that the burden of proof is upon the plaintiff to prove his contract by clear and positive evidence, that is, he must show that he not only had a contract, but must also show clearly what he was to do under it; what he was to receive therefor *and how the work thereunder was to be done,* and unless the plaintiff has proven these things to your satisfaction by a preponderance of the evidence you shall find for the defendant." We see nothing wrong in this instruction, except in the words we have underscored, "and how the work thereunder was to be done." By this instruction the jury were told, among other things, that plaintiff could not recover, unless he alleged and proved to the satisfaction of the jury, how the work under his contract was to be done. In this particular we think the instruction was calculated to mislead the jury. The contract alleged did not require plaintiff to do the work of mining and delivering the coal in any particular way; and nothing was set up by way of defense nor any evidence offered showing any such provision of the contract. It seems to us the jury might reasonably have inferred from this instruction that because plaintiff did not allege and prove how

the work was to have been done under his contract, and all the particulars pertaining thereto, he could not recover. For this reason we think the instruction should have been either modified or rejected, and as given was erronous.

Another point urged in support of the judgment below is that plaintiff on cross examination on the subject of his negotiations for a settlement with defendant's superintendent, and when asked, "What did you demand of him?" answered "I agreed to take the individual money that I had spent and lose my own labor." This proposition appears to have been made by way of compromise. The actual amount which the plaintiff proposed to take is not shown, and defendant does not claim to have accepted the proposition. A mere proposition of this kind unaccepted would not amount to a release by the defendant of any substantial right under his contract or estop or bar him in this action. Another point is that plaintiff failed to show that Henchey, superintendent, was authorized by the defendant to make the contract. No direct authority was shown, but it was proven that defendant, as provided by the contract, furnished the material, and that plaintiff did the grading for the tram way from the mine openings made by him to the main tram way of defendant, and that he mined and delivered to defendant more than seven hundred tons of coal which was received and paid for by defendant. Having accepted the benefits of the contract, and by its acts and conduct approved and confirmed it, defendant is estopped from denying the agency and authority of its superintendent in the premises. This is familiar law for which it is unnecessary to cite authority.

Now as to the motion for a new trial. The erroneous rulings of the court already referred to require reversal of the judgment below and the awarding of a new trial to plaintiff. As a new trial is to be had it would be improper for us to give any further expression of opinion as to the sufficiency and weight of the evidence. We have already said that the evidence was sufficient to show plaintiff entitled to substantial damages, and to have the case go to the jury upon proper instructions upon that question. Accordingly, our judgment will be that the judgment below be reversed, the verdict set aside, and plaintiff awarded a new trial.

*Reversed and New Trial Granted.*