# CHARLESTON.

## MILLER v. JOHNSON.

Submitted October 10, 1916.    Decided November 14, 1916.

1.  TRIAL—*Taking Case from Jury—Demurrer to Evidence.*

On demurrer to evidence, if it be conflicting, judgment in favor of the demurree should be given, unless the evidence plainly and decidedly preponderates in favor of the demurrant on some decisive point.  (p. 199).

2.  APPEAL AND ERROR—*Review—Question of Fact—Demurrer to Evidence.*

When the circuit court has found for the plaintiff on a demurrer to evidence by the defendant, this court will not disturb such finding, unless it is against the plain and decided preponderance of the evidence, or is wholly without evidence to support it.  (p. 201).

Error to Circuit Court, Monroe County.

Action by O. L. Miller against A. E. Johnson.  Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*R. F. Dunlap* and *Jno. L. Rowan,* for plaintiff in error.

*C. A. Revercomb, R. L. Clark* and *R. Kemp Morton,* for defendant in error.

MASON, JUDGE:

This is an action of trespass on the case to recover damages for alleged deceit, whereby it is alleged the defendant cheated the plaintiff in the sale of bank stock.  The case is quite like the cases of *Lowance* v. *Johnson,* 75 W. Va. 784, and *Hunter* v. *Johnson,* 76 W. Va. 154.  The defendant is the same person in all three cases, and some of the stock in the same bank is involved, and the facts are very similar. In all the cases the defendant was charged with selling by misrepresentation, worthless stock of the same bank.

In the case at bar there was a trial by jury.  Evidence was introduced by both parties.  When the evidence was all in, the defendant demurred to the evidence, and the plaintiff joined in the demurrer.  The jury returned a verdict for the plaintiff for $717.66, ''if the law be for the plaintiff upon the defendant's demurrer to the evidence; but if the law be

for the defendant, then, we find for the defendant." The verdict was returned July 12, 1913, and the court took time to consider the judgment to be rendered thereon, and held up the case until the 14th day of April, 1915. In the meantime the two cases of *Lowance* v. *Johnson,* and *Hunter* v. *Johnson, supra,* were decided by this court. April 14, 1915, the defendant moved the court for leave to withdraw his demurrer to the evidence, which motion was refused, and judgment was entered for the plaintiff; the defendant excepted and moved the court for arrest of judgment.

The trial court did not err in refusing to allow the defendant at that time and without excuse to withdraw his demurrer to the evidence and to set aside the demurrer, nor did the court err in refusing to direct a new trial. The question upon which the entire dispute rests is whether or not the plaintiff was induced to purchase bank stock from the defendant by the misrepresentation and deceit of the defendant. The determination of this question depends almost wholly upon the credit to be given to the testimony of the witnesses, and was thus a case peculiarly for a jury. The defendant demurred to the evidence, and the circuit court decided the case guided by the law arising on demurrer to the evidence. The law in this state, since the passage of the Act of the Legislature of 1891, section 9, chapter 131 of the Code, is: "On demurrer to evidence, if it be conflicting, judgment in favor of the demurree should be given, unless the evidence plainly and decidedly preponderates in favor of the demurrant on some decisive point." *Barrett* v. *Raleigh Coal & Coke Co.,* 55 W. Va. 395.

Considering the facts and circumstances proven in this case, and by drawing such reasonable inferences therefrom as a jury could have drawn, a jury would have been warranted in finding that the defendant did wilfully deceive the plaintiff as to the value of the stock and thereby induce him by fraudulent means to buy the same. This question and the other questions arising on the record were for the jury, and if the jury had found for the plaintiff, the court could not have set the verdict aside. That is the test in cases where there is a demurrer to the evidence.

The bank stock was sold to the plaintiff in part payment for the purchase of a horse. The price agreed upon by the parties for the horse was $1,000.00. The stock was taken at 50% discount. The defendent offered to prove that the value of the horse was less than $1,000.00. The court refused to allow this to be done, and the defendant claims error. The value of the horse was not in dispute. The parties agreed upon the price. There is nothing in the case to indicate any misrepresentation as to this. The only question is as to the bank stock received as part payment. The court did not err in refusing to admit testimony on this point. The defendant attempted to show private sales of the stock made about that time, but did not show the market value of the stock. It does not appear that it had any market value. It was not error to refuse evidence of this character. The fact that the stock when sold brought less than par value, indicates that the bank was insolvent. It clearly appears that the bank was insolvent at the time the defendant transferred this stock to the plaintiff. But no matter what the stock was worth, the question here was, did the defendant fraudulently misrepresent its value to the plaintiff?; and was it worth less than the plaintiff represented it?

The plaintiff testified that at the time he agreed to take the stock, the defendant examined the horse and said: " 'I will buy the horse if you will take bank stock.' I says, 'Mr. Johnson, I have told you two or three different times that I had no money to invest in bank stock.' I was aiming to pay for the little home out there. He had offered to sell me this bank stock on two or three different occasions, and had represented it to be worth certain money. He went ahead then and represented the value of the stock. He said, 'Mr. Dwyer and myself have come here to the town of Union and have examined the bank—the assets and so forth of the bank—and it is worth seventy-five cents and up.' The 'up' part depended on certain debts due the bank, certain deeds of trust and certain real estate, mineral lands, I think, that the bank then owned. He said, 'If we get what we ought to out of these things it will be worth a hundred cents on the dollar.' I said, 'Mr. Johnson, if this stock is worth what you say it is

I will make you a proposition.' He just looked me square in the eyes and says, 'Lee, it is worth just what I tell you.' I says, 'I will tell you what I will do; I will take five hundred dollars, either your check or your note—it don't make no difference to me—and I will take five hundred dollars in bank stock, fifty cents on the dollar.' I am sure we were not over fifteen or twenty minutes in the lot. We traded, and we traded without any conditions whatever." The plaintiff also testified: "He (Mr. Johnson) says, 'Mr. Dwyer and myself have come here and examined those books—examined the bank and the assets and so forth—made a thorough examination; and the books make that stock worth seventy-five cents on the dollar and up.' I don't know that he used the word books; but he said he examined the bank—made a thorough examination—'and that stock', he says, 'is worth 75 cents and up,' and the 'up' part depended upon the collection of certain debts, certain deeds of trust, certain real estate that the bank owned."

The plaintiff testified that he relied absolutely on these representations and that he had no other source of information as to the value of the stock. True, the defendant in his examination denies many of these statements, and the ascertainment of the facts depends on the weight to be given to the evidence. This was a question for the jury. The court passing on the evidence has found for the demurree. "When the circuit court has found for the plaintiff on a demurrer to evidence by the defendant, this Court will not disturb such finding, unless it is against the plain and decided preponderance of the evidence, or is wholly without evidence to support it." *Barrett* v. *Coal & Coke Co., supra.* It can not be pretended that there is any such preponderance in favor of the defendant as would justify this court in disturbing the judgment.

The judgment is affirmed.

*Affirmed.*