ABE BILLINGS *v.* C. G. KILLEN

(No. 6989)

Submitted February 9, 1932. Decided February 16, 1932.

*Harman & Howard,* for plaintiff in error.
*Froe, Capehart & Miller,* for defendant in error.

WOODS, JUDGE:

Defendant prosecutes error to a $2,000.00 judgment entered against him in an action for damages, based on an alleged breach of a verbal timber contract. He contends that the evidence is too vague and indefinite to furnish a basis for plaintiff's claim of loss of profits; and that it fails to show that the defendant breached the contract or a substantial part thereof.

Under the contract plaintiff was to cut and deliver to defendant's mill about five million feet of standing timber, in consideration of which the latter agreed to pay at the rate of $8.00 per thousand. Plaintiff was unlettered and had very

little of this world's goods. Defendant furnished the teams and trucks and settled with the laborers and paid other items of expense on orders from the plaintiff, charging such advances against the latter's account.

Plaintiff's testimony is in effect that he had, during the five months period immediately preceding the alleged breach, gotten out an average of 9,000 feet per day, or a total of 1,170,000. His gross earnings, under the contract, averaged $72.00 a day; deducting the several amounts advanced by defendant for labor (on a basis of 17 men, although 12 was the average number employed), feed, etc., plaintiff's net profit per thousand would average 58 cents. On such a basis plaintiff's loss in prospective profits on the remaining timber (3,830,000 feet) would amount to $2,221.40. Defendant does not deny that there was originally 5,000,000 feet of timber to be cut. Plaintiff stated that in his judgment approximately that amount remained standing at the time of the alleged breach. While we must admit that the evidence is very meager, yet we believe sufficient facts have been shown, should the jury believe them, to support the verdict so far as prospective profits are concerned. *Smith* v. *Atlas Pocahontas Coal Co.*, 66 W. Va. 599; 66 S. E. 746; *Belcher* v. *King*, 96 W. Va. 562; 123 S. E. 398; *Barrett* v. *Raleigh Coal & Coke Co.*, 55 W. Va. 395, 47 S. E. 154.

Next, does the evidence show a breach on behalf of the defendant? He contends that plaintiff quit of his own accord. Prior to the assumption of the actual work, plaintiff had built himself a cheap dwelling on the operations, on a small plot secured for a yearly rental of $30.00. Plaintiff claims that the defendant made it impossible for him to continue the work. In support thereof he introduced the following notice: "Mr. Abe Billings I hereby notify you to vacate my house in 10 days. Do not remove anything off of this job until we make settlement. I am ready to settle any time and will expect you to pay me every cent due me. (Signed) C. G. Killen." According to plaintiff's testimony defendant also took the teams and trucks away from him, and put other men in charge of the work. The issue as to whether or not plaintiff quit voluntarily or was forced to give up work

under the contract, was placed squarely before. the jury in defendant's instruction No. 3, which told them if they believed from the evidence in the case that plaintiff quit the job or contract he had for getting out logs, they should find for the defendant. By their verdict they, in effect, found that defendant had rendered performance on the part of plaintiff impossible.

The act of one party in preventing the other from performing the contract is a breach thereof. 6 R. C. L. 1020, sec. 380. Plaintiff was virtually told to get out and to leave everything on the job, in order that someone else might go ahead with the work. He was, according to the case made, justified in rescinding the contract and suing for loss of profits.

Defendant complains of the trial court's action in overruling his demurrer to the declaration and each count thereof, but fails to point out wherein the pleading is faulty. We are of opinion that the declaration is sufficient to support the finding in this case.

*Affirmed.*