State *v.* Sargent.

## STATE *versus* SARGENT.

The rule that testimony, collateral to the issue, cannot be contradicted, is confined to testimony, introduced, in cross-examination, by the party who proposes to contradict it. It does not apply to testimony introduced by the other party.

Whether any of the facts connected with arrangements made preparatory to the commission of a crime, can be deemed collateral or immaterial; *quere.*

INDICTMENT for breaking and entering a store and stealing therefrom.

After introducing testimony tending to show the breaking and stealing and some other facts, the government introduced one Huston, who testified in chief among other things, *that* the offence was committed by himself and the defendant and one Whitehouse ; *that,* before the breaking, the defendant said he had got a place selected, and that Whitehouse was knowing to it ; *that* Whitehouse was then out fishing, and, as the defendant said, was to be back in a few days; *that* Whitehouse got home on the morning of *Thursday* before the robbery was committed at night ; *that* there was a severe storm on *Thursday* and the witness went over to the house of Whitehouse on *Thursday* morning and saw him there.

The defendant offered to prove, by another witness, that Whitehouse returned from sea on *Tuesday,* before the Thursday when the robbery was committed ; and *that* Huston, the government's witness, had conversed with him on *Wednesday.*

This evidence was objected to and excluded, to which exclusion the defendant excepted.

*G. F. Shepley,* for the defendant.

*Tallman, Attorney General,* for the State.

SHEPLEY, C. J. — When the testimony of an accomplice is introduced to convict a person of crime, its credibility may properly be tested by its conformity to truth in every particular statement.

If perceived to remain unimpeached, when its truth might be tested by facts, capable of being established by other testi-

mony, it would be more entitled to confidence, than it would be, if found not to be true, whenever its truth should be thus ascertained. As departures from truth were found to be more or less frequent or important, there would be occasion for greater or less confidence, that the essential particulars of the transaction were correct.

Circumstances related as having taken place, during arrangements made for the commission of crime, may not be absolutely essential as proof, that the alleged crime has been committed; and yet when introduced for the prosecution, and found to be open to contradiction by other testimony and to remain uncontradicted, and to be. such, as would naturally be expected to occur under like circumstances, they would induce jurors to repose more confidence in the truth of the testimony, than they would be inclined to do, if all such means of testing its truth were omitted or excluded.

. In this case the accomplice testified, that the crime had been committed by the accused and by himself and one Whitehouse. That the accused in conversation with him stated, that Whitehouse, who was then out fishing, would be back in a few days. The witness testified, that " Whitehouse got home on the morning of Thursday before the robbery was committed at night ; " that he " went over on Thursday morning to Whitehouse's house and saw him there."

Testimony in defence was offered and excluded to prove, that Whitehouse returned from sea on Tuesday before the Thursday, on the night of which the crime was committed, and that the witness saw and conversed with him on Wednesday.

In argument it is insisted, that it was immaterial whether Whitehouse came home from sea on Tuesday or Thursday ; that the statement respecting the time was a collateral fact and incapable as such, of being contradicted.

There is just reason to doubt, whether any of the facts connected with arrangements made preparatory to the commission of crime can be considered as collateral or immaterial and be for that reason excluded. They may often be impor-

Green *v.* Portland.

tant to a correct knowledge of the transaction, and material to prevent the commission of the alleged crime without preparatory arrangement from being regarded as unnatural and incredible.

If the testimony of the witness introduced on his examination for the government might have been excluded, because it related to facts collateral or immaterial, yet when introduced without objection, it became testimony for the consideration of the jury ; and the rule that testimony collateral to the issue cannot be contradicted does not apply to testimony introduced by the opposite party, but is confined to testimony introduced by cross-examination of an opponent's witness, or otherwise by the party, which proposes to contradict it.

The testimony excluded in this case should therefore have been admitted.

> *Exceptions sustained, verdict set*
> *aside, and new trial granted.*