## DAVID RIBBLE v. EDGAR STARRAT.

*Negligence—Evidence.*

A party will not be permitted to put a fact in issue by his pleading, testify to it, and then reply to his opponent, who seeks to rebut it, that it is immaterial. *State v. Sargent*, 32 Me. 429; *Hildeburn v. Curran*, 65 Penn. St. 59.

So *held*, in a negligence case, where the plaintiff alleged in his declaration that he was in the performance of his duty, in oiling a buzz-saw, when injured, and on the trial testified that in a conversation with the foreman of the mill he told him to go and oil the saw, and the foreman testified that the plaintiff was under his instructions, without which he had nothing to do with the saw, which, under a rule of the mill, should not be oiled when in motion, and, was then asked by the defendant's counsel if he had the conversation testified to by plaintiff, which proposed testimony was excluded, as immaterial, on plaintiff's objection, which ruling is held erroneous.

Error to Wayne. (Hosmer, J.) Argued January 9, 1890. Decided January 17, 1890.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*C. I. Walker,* for appellant.

*James D. May (John J. Speed,* of counsel), for plaintiff.

GRANT, J. The declaration alleges that plaintiff was employed in the planing-mill of Morton & Backus; that he was engaged in oiling the buzz-saw as a part of his duty; that defendant negligently and carelessly hit him with a board, pushing him against the saw, which was in rapid motion, and injured him; and that the plaintiff was in the exercise of due care.

The defendant was not an employé of Morton & Backus. They had planed some lumber for him, and defendant, by their permission, was using this circular saw in trimming the lumber himself. Plaintiff testified that the foreman of the mill, Mr. Furnier, told him to go and oil the saw; that Starrat was burning it up; that he went over and told Starrat that he was burning the saw; that Starrat stepped back; that he had oiled the left-hand shaft, and was oiling the right-hand shaft, when defendant struck him in the back with a board, and shoved him against the saw. The defendant was sworn, and denied the conversation. Said he did not know plaintiff was there, and did not hit him. Furnier testified that plaintiff was under his instructions, had nothing to do with the saw, and had no right to do anything in relation thereto without his instructions; that it was a rule of the mill that the saw should not be oiled when in motion, and he so informed the plaintiff. The defendant then asked the witness if he had such a conversation with plaintiff, to which question the plaintiff objected as immaterial; and the court sustained the objection.

The question should have been allowed. Plaintiff alleged in his declaration that he was in performance of his duty. If he was not performing a duty, his right to recover would be very questionable, unless there was will-

ful misconduct or gross negligence on the part of defendant, and neither is claimed. The only evidence of such duty was the instruction given him by Furnier. If no such instructions were given, then plaintiff was not in performance of duty. This fact was put in issue by the pleadings. It was both competent and material for plaintiff to show the instructions given him by Furnier, without which he had no duty to perform. The plaintiff having pleaded it, and testified to it, it follows that defendant was entitled to rebut it. The conversation was also a part of the *res gestæ*. It immediately preceded the act to be done. It was what moved him to do the act. The plaintiff testified to this on his examination in chief. The defendant was therefore entitled, as a matter of right, to introduce contradictory evidence. A party will not be permitted to put a fact in issue by his pleading, testify to it, and then reply to his opponent, who seeks to rebut it, that it is immaterial. 1 Whart. Ev. § 559; *State v. Sargent,* 32 Me. 429; *Hildeburn v. Curran,* 65 Penn. St. 59. There is no evidence that plaintiff notified defendant that he was about to oil the machinery, or that defendant knew he was oiling it, unless it is plaintiff's testimony that he told defendant to hold on, that he was burning the saw; that defendant then stepped back, and plaintiff commenced to oil it. The facts set out in the record are not sufficient to enable us to determine whether the court erred in refusing the following request of defendant, viz.:

"If plaintiff had no right or duty to oil the machinery * * * while the saw was in motion, and the injury to the plaintiff came from the oiling of said machinery, then he cannot recover."

The court should certainly have instructed the jury that if it was negligence on the part of the plaintiff to oil the machinery when in motion, and that such negli-

gence contributed to the injury, the plaintiff could not recover. The record does not disclose whether the court so charged or not. We are not prepared to say, on the facts as they now appear, that plaintiff was a mere trespasser, and that defendant owed him no duty.

For the error in refusing to admit the testimony, judgment must be reversed, and a new trial ordered, with costs.

The other Justices concurred.