## C. L. FLACCUS GLASS CO. vs. FRANCIS GAVIN.

JULY 5, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Evidence.   Cross Examination of Witness on Immaterial Evidence.*

Upon cross examination of a witness he may be examined as to all matters brought out by the examination in chief, although irrelevant or immaterial, for the purpose of contradicting him.

Where evidence has been brought out on the direct examination of a witness prejudicial to the opposite party, the party introducing such evidence cannot object to the contradiction of the testimony or to the impeachment of the witness on the ground that the evidence is inadmissible collateral or immaterial.

ASSUMPSIT.   Heard on exceptions of plaintiff and overruled.

JOHNSON, C. J.   This is an action of the case in assumpsit brought by the plaintiff to recover for a carload of bottles shipped under a written order of June 25, 1909. The plaintiff claimed the amount due therefor to be $808.98. In addition the plaintiff claimed the sum of $110.40 for crates in which the above bottles and two previous carloads of bottles were packed. The case has been twice tried, the first trial resulting in a disagreement of the jury. At the second trial the jury returned a verdict for the plaintiff for $19.99. The plaintiff moved for a new trial, which was denied by the trial justice, the plaintiff excepted and duly prosecuted its bill of exceptions, on which the case is now before this court. The only exceptions pressed by the plaintiff are the first and the tenth. The first exception is: "To the ruling of the trial judge refusing the plaintiff's request to strike from the record the question and answer numbered 226 on record page No. 41 of said transcript, and the question and answer numbered 227 on record page No. 42 of the said transcript. Also the refusal of the trial judge to grant plaintiff's objection to the line of testimony suggested in questions numbered 226 and 227 on record pages No. 41 and

No. 42, respectively of said transcript, which said objections, rulings and the exception of the plaintiff noted thereto, appear on pages No. 41, No. 42 and No. 43 of the transcript of said testimony."

The testimony thus admitted, the plaintiff's ground of objection thereto, and the ruling of the trial justice appear upon the record page No. 41, as follows: "Q. Did you not testify at the last trial that you made an offer to Mr. Gavin to take the bottles at a cent a bottle off, that is, $1.44 off, and that later you talked with Mr. Gavin and he said that his proposition was that he was to pay a cent a bottle for the bottles, and you said: 'Well, that is a different proposition.' Now, did you or did you not testify to that effect at the last trial? A. I did not. Q. You did not? A. No, sir, I did not." Plaintiff's counsel: "Just a moment. I asked to have the answer stricken from the record. . . . And you might wait when I object. . . . That is bringing up the same question again, and Mr. Higgins well knows that your Honor has ruled it out, and that that question is as inadmissible as the other. It seems to me that that line of questioning is wholly contrary to the rules of evidence and should not be persisted in." THE COURT: "I think, in view of what you brought out in direct, at Mr. Higgins's suggestion, that question is proper. It wouldn't have been gone into if Mr. Higgins hadn't suggested that he would like it brought out, — but you were not compelled to bring that out, even then. He gave his testimony upon that point—somewhat inconsistent with the statement of this answer that he made at some other time. It is already answered and I will allow it to stand." Plaintiff's counsel: "Then we are making that the gist of this case and the ground is being changed to the satisfaction, of course, of my brother. We are going into the field of compromise, statements made—and whatever admissions might be made by both sides during that compromise, and we are beclouding the issue before the jury in this case. I do not think that it is admissible." THE COURT: "You were not compelled to

go into it, and after you did, if he has made some statement elsewhere inconsistent with what has been brought out, it is proper to show it. Proceed."

The matter to which the trial justice referred as having been gone into is found on page 11 of transcript: "Q. No use in trying them ? A. Yes. He said he could tell by looking that they were defective. At that time he also made me an offer for the carload of bottles. Q. No, don't go into that." MR. HIGGINS: "I have no objection." "Q. Go ahead, then, and tell the conversation just as it occurred, if Brother Higgins does not object to offers of Mr. Gavin."

This was clearly evidence concerning an attempted compromise between the parties. Plaintiff's claim that if improper or immaterial evidence is submitted by one party, without objection, the other party cannot introduce like evidence on his part over the objection of the first party, is, as an abstract statement of law, doubtless true. As the Supreme Court of Connecticut said in *Phelps* v. *Hunt*, 43 Conn. 194, 200, cited by the plaintiff: "We cannot hold that it was error in law to rule out, objection being made, what it would have been error to admit, merely because the court had received without objection, matters just as irrelevant before." In 1 Greenleaf Evidence, § 449, the author says: "And, if a question is put to a witness which is collateral or irrelevant to the issue, his answer cannot be contradicted by the party who asked the question, but it is conclusive against him. But it is not irrelevant to inquire of the witness, whether he had not on some former occasion *given a different account* of the matter of fact, to which he has already testified, in order to lay a foundation for impeaching him."

In *Lichtenberg* v. *Mair*, 43 Mich. 387, the payee of a draft had testified to an interview with the drawee in which the latter objected to paying because he had an unsettled account with the maker of the draft. Held proper on cross-examination to draw out all that the drawee said on the subject during that conversation. The court said: "The court

erred in overruling the question put on cross-examination to the plaintiff below. He had sworn on his own behalf to an interview with Lichtenburg, and that the latter admitted having received the proceeds of the flour in controversy, but claimed that there was an old account with Paker, the person who had drawn in Mair's favor on defendants in error against the proceeds of the flour, and it was quite competent to call out on the cross-examination all that Lichtenburg said on the subject in the same conversation."

*Minzey* v. *Marcy Mfg. Co.*, 25 Ohio, Cir. Ct. 593, was an action on a promissory note and at the trial the defendant below offered testimony in reference to his financial condition. Upon cross-examination it was shown that he had made a statement of his property to the plaintiff below. This was objected to by counsel for defendant on the ground of irrelevancy. The appellate court said: "It is not apparent to us that that property statement was competent evidence. We think that its use amounted to the introduction of evidence upon an immaterial matter and probably a matter prejudicial to the defendant below. But when we come to consider the way it was brought in, we think the defendants in error cannot complain; we think they are responsible for the presentation of this immaterial issue." And later the court said: "But it was introduced in the first instance by him or on his behalf and having presented that kind of immaterial matter he cannot complain now that he was cross-examined upon it, and that the cross-examination took the range it did."

In *Metzer* v. *State*, 39 Ind. 596, it was held that where on the trial of an indictment for larceny of a coat, a witness for the State on examination in chief had detailed a part of a conversation with the defendant, in relation to the coat, it was proper on cross-examination to introduce all that was said in the conversation material to the case. The court said: "It is a general rule that when part of a conversation, admission or confession has been given in evidence against a party, he may, on a cross-examination, or by fresh evidence

from his own witnesses, prove the residue of the same conversation, admission or confession, so far as it relates to the same transaction."

In *Grimes* v. *Hill*, 15 Colo. 359, the court, p. 365, said: "The defendant, having introduced the testimony concerning the conversation with Williams in support of his side of the issue, was not privileged to deny the materiality of such testimony for the purpose of preventing its contradiction. An offer to contradict in such a case is unlike an offer to introduce irrelevant matters by one party because other irrelevant or improper testimony has been received in behalf of the other party."

In *McArthur* v. *The State*, 59 Ark. 431, the court, pp. 435, 436, said: "The general rule is that when a witness is cross-examined on a matter collateral to the issue, his answer cannot be subsequently contradicted by the party putting the question; but this limitation only applies to answers on the cross-examination. It does not affect answers to the examination in chief,—Wharton Crim. Evid. (8 Ed.) § 484; *State* v. *Sargent*, 32 Me. 429. When a party in his examination in chief is allowed to inquire about collateral acts, the opposing party will usually be allowed to contradict the witness by evidence showing the contrary."

In *Forde* v. *Commonwealth*, 16 Grattan (Va.), 547, the court said: "The stress of the argument here on the part of the commonwealth has been rested on the first ground, that the evidence was incompetent; that the matter in regard to which it was attempted to contradict the witness was collateral to the real issue in the cause. That the movements of the witness Quarles had no connection with the issue the jury were sworn to try, and that whether he passed down on one side or the other of 10th street after leaving the capitol gate, could not according to the testimony set forth, have had any imaginable influence upon the transaction between the parties engaged in the contest.

"It is a well settled rule, found in all the text writers upon evidence, that a witness cannot be cross-examined as to

any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence, if he should deny it, thereby to discredit his testimony. And if a question is put to a witness which is collateral or irrelevant to the issue, his answer cannot be contradicted by the party who asked the question, but it is conclusive against him. 1 Greenleaf Evidence, § 449. The rule was recognized, and the reason stated why his answer cannot be contradicted in the case of *Charlton* v. *Unis.* 4 Gratt. 58; where it is said this would be unjust to the witness and the party introducing him; for though every witness may be supposed to come prepared to sustain the truth of his testimony given on the trial, he cannot be expected to come prepared to prove the truth of every collateral statement he may have made on another occasion.

"It was held also in the same case, that it is competent to impeach the credit of a witness by proof that he had made statements inconsistent with the testimony given on the trial. And accordingly we find it laid down in Greenleaf, *ubi supra*, that it is not irrelevant to inquire of the witness whether he has not on some former occasion given a different account of a matter of fact *to which he has already testified*, in order to lay a foundation for impeaching his testimony by contradicting it. These expressions in the opinion and authority referred to '*the testimony given on the trial*,' *to which he has already testified*,' point out the distinction between collatèral matter introduced upon the cross-examination, to lay a foundation for impeaching his testimony by contradicting the witness, and matter which he has testified to in his examination in chief, introduced by himself, and stated to the jury as part of his own narrative of the transaction."

In *State* v. *Sargent*, 32 Me. 429, the court said: "If the testimony of the witness introduced on his examination for the government might have been excluded because it related to facts collateral or immaterial, yet when introduced without objection it became testimony for the con-

sideration of the jury; and the rule that testimony collateral to the issue cannot be contradicted does not apply to testimony introduced by the opposite party, but is confined to testimony introduced by cross-examination of an opponent's witness, or otherwise by the party which proposes to contradict it."

We think the weight of authority supports the rule that upon cross-examination of a witness, he may be examined as to all matters brought out by the examination in chief, (1) although irrelevant or immaterial for the purpose of contradicting him.

From an examination of the transcript it appears that the first mention of any conversation in regard to offers of compromise was by MacMillan, the plaintiff's agent, in his direct examination. It would be improper to permit a party to introduce testimony prejudicial to the opposite party and then to be heard to object to the contradiction of such testimony or the impeachment of the witness on the ground that the evidence is inadmissible, collateral or immaterial. The plaintiff's first exception is overruled.

The plaintiff's tenth exception is "To the ruling of the justice presiding at the trial in denying plaintiff's motion for a new trial on the following grounds: FIRST—That said verdict is against the law. SECOND—That said verdict is against the evidence and weight thereof. THIRD—That said verdict is against the law and the evidence and the weight thereof. FOURTH—That said verdict is against the judge's charge. FIFTH—That said verdict awarded by said jury is insufficient."

The defendant admitted that he owed the plaintiff for certain bottles about which there was no dispute, $153.73. It was admitted that plaintiff was to allow defendant for the freight paid on two carloads of bottles, $137.35. The only items in dispute between the parties were the plaintiff's claims for the price of one hundred and seventy-five gross of pint beers, which the defendant claimed were defective, and refused to accept, $656.25, and also for two carloads of crates, $110.40.

The testimony as to these disputed claims was conflicting. The jury heard the testimony and returned a verdict for the plaintiff for substantially the difference, with interest, between the amount which the defendant admitted to be due to the plaintiff and the amount for freight paid by the defendant, which it was admitted was to be allowed to the defendant. The justice who presided at the trial denied the plaintiff's motion for a new trial. From our examination of the evidence we are not able to say that he clearly erred in his decision.

The plaintiff's tenth exception is therefore overruled. All the plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment for the plaintiff upon the verdict.

*Edward C. Stiness,* for plaintiff.

*Daniel H. Morrissey, John J. A. Cooney,* of counsel.

*Fitzgerald & Higgins,* for defendant.

*Edward L. Leahy,* of counsel.