# CAHRLESTON.

## AKERS *v.* DE WITT.

Submitted September 11, 1895—Decided November 23, 1895.

CREDIBILITY OF WITNESSES—JURY'S PROVINCE—REVERSAL.

The credibility of a witness or witnesses is a question peculiarly within the province of the jury, and when this is the sole question presented on writ of error to the judgment of the circuit court overruling a motion to set aside the verdict of the jury for this cause alone, this Court will not disturb such judgment.

R. S. BLAIR and GEORGE LOOMIS for plaintiff in error. R. S. BLAIR cited, 31 W. Va. 432; 1 Whart. Ev. 722; Tracy Peerage, 10 Cl. & Fin. 191; 5 B. & A. 330; 1 McArthur, 270; 33 Iowa, 130; 3 Wall. Jr. 88, 115; 12 W. Va. 116; 16 Id. 308; 21 Id. 709; 26 Id. 340; 31 W. Va. 432; 1 Greenl. p. 19.

VAN WINKLE & AMBLER and WM. G. PETERKIN for defendant in error, cited 40 W. Va. 103; 12 Wall. 322; 22 Gratt. 405; 27 Gratt. 313; 1 Greenl. Ev. § 577; 9 Am. & Eng. Enc. Law, 271; 17 Am. Rep. 540, 545; 39 W. Va. 659, 669; 37 W. Va. 525; 28 W. Va. 774.

DENT, JUDGE:

E. E. Akers brought his suit in the Circuit Court of Wood county against Ira De Witt on a check in words and figures as follows, to wit:

"Ira De Witt, General Contractor. No. 2,874. Pittsburg, November 7th, 1892. Pay to the order of J. S. Hewitt ($300.00) three hundred dollars. Ira De Witt.

"To the People's National Bank of Pittsburg, Pa."

Indorsed: "J. S. Hewitt. E. E. Akers."

The defendant, by proper pleading, put in issue the genuineness of the check. The jury found in favor of the plaintiff. The defendant moved to set aside the verdict and grant him a new trial. The circuit court overruled

the motion and entered judgment. Defendant obtained a writ of error.

The only question presented to this court is as to whether the verdict of the jury and the judgment of the court are "plainly against the decided and clear preponderance of evidence." *Johnson* v. *Burns*, 39 W. Va. 658 (20 S. E. 686); *Grogan* v. *Railway Co.* 39 W. Va. 415 (19 S. E. 563); *Martin* v. *Thayer*, 37 W. Va. 38 (16 S. E. 489.)

Three witnesses testify that they had seen the defendant write, knew his signature, and believed the signature to the check was his genuine signature. Plaintiff was one of these witnesses. The defendant testifies that it was not his signature, and that he did not authorize Hewitt to sign his name; that Hewitt, whose true name was Houston, was in his employ before he came to this state; he brought him here, and still continued him in his employ, and had greatly trusted him with large sums of money, and in other ways. He makes no mention of his present employment or otherwise, or any attempt on his part to have him prosecuted for forgery. O. P. Hyde, the private secretary of the defendant, testifies that the signature was not the genuine signature of De Witt, but resembled the way Hewitt or Houston wrote De Witt's name, and he believed it to be Hewitt's handwriting.

There are many other facts and circumstances testified to by both the witnesses for plaintiff and defendant, but the evidence recited covers the gist of the issue involved. Manifestly, in arriving at a verdict, the jury rejected the testimony of the defendant and his witness as unworthy of belief. Otherwise the verdict should have been in favor of the defendant. What actuated them in so doing is a matter of impossibility for us to say, as neither the witnesses, their conduct or demeanor, are before this Court.

The question then presents itself as to what extent this Court is authorized by section 9, chapter 131, Code, to interfere with the verdict of a jury. In commenting on this section in the case of *Johnson* v. *Burns*, 39 W. Va. 669 (20 S. E. 686) JUDGE BRANNON says: "The evidence—all of it—being thus before the court, we do not apply the old rule, often expressed, but in different ways; that is, that we must

accord to the jury the function of judging of the credibility of evidence, of drawing inferences and deductions therefrom; and we can not set aside a verdict approved by the trial court, unless, on the whole evidence, it be plainly contrary to the evidence, or plainly without evidence to sustain it; unless it manifestly appears that there is a clear and decided preponderance against the finding of the jury. Where the evidence, on material points, is conflicting, we must still remember the well established rule that it is rarely the case that a court can, set aside a verdict, because, amid the conflict of oral evidence, the jury is the judge of credibility of witnesses; while at the same time we must not say that, without exception, a court can not interfere with a verdict where there is conflict of evidence, for it has been often held that a new trial may be granted, though the evidence be conflicting, if the verdict be against the decided weight of evidence, though the power should be cautiously exercised. *Grogan* v. *Railway Co.,* 39 W. Va. 415 (19 S. E. 563) and citations; *Martin* v. *Thayer,* 37 W. Va. 38 (16 S. E. 489.)" From this it would seem that the only power left in the jury by the legislature is to judge of the credibility of witnesses, for, while the jury is permitted to weigh the evidence, this Court must re-weigh it; and if in their opinion, there is a decided preponderance against the verdict, then it will be set aside, notwithstanding the opinion of thirteen men in the lower court to the contrary, who heard the testimony, saw the witnesses, observed their demeanor on the witness stand, and are cognizant of many facts and circumstances occuring in a jury trial in open court that never appear in the record. It seems to me that the proper rule, as modified by the legislative enactment referred to above, would be that if it appeared from an examination of the whole evidence, making due allowance for the credibility of witnesses, and circumstances surrounding the trial not appearing in the record, the weight of the evidence preponderated to such an extent against the verdict as to evince on the part of the jury bias, prejudice, partiality, undue influence, oversight, misconduct, or misconception of the law, then it would be the duty of the Court to interfere, set the verdict aside, and grant a new trial.

Section 13, Article III, of the Constitution of this state, provides: "In suits at common law where the value in controversy exceeds twenty dollars exclusive of interest and costs, the right of trial by jury, if required by either party, shall be preserved; and in such suit before a justice a jury may consist of six persons. No fact tried by a jury shall be otherwise re-examined in any case than according to the rules of the common law." According to the rules of the common-law, the court determined the law, the jury tried the facts. On a mere question of fact the jury was always supreme, unless its verdict evinced prejudice, bias, or some undue influence. Now, it is said the legislature has empowered the court to weigh the evidence, and permit their opinion as to a clear preponderance of evidence to override the finding of the jury, although there is nothing to evince undue influence, misconduct, bias, or prejudice on its part. Caution and care is enjoined upon the court, but, after all, the question resolves itself into one as to whether the court is of opinion that the evidence, as a whole, clearly preponderates against the finding of the verdict. Thus has the sacred right to trial of facts by a jury, preserved to either party by the Constitution, been sapped and undermined by legislative enactment until all that is left is the right to pass on the credibility of the witnesses, and even this is reluctantly put in a state of doubt in the opinion above referred to, in this language: "How, as a matter of practical effect, it may detract from the prerogative of a jury to judge of the truthfulness of witnesses, can not be said. It may be that witnesses who, being seen face to face by jurors, and whose evidence was considered by them perjured, or for other cause worthless, will be accorded faith and weight in this court." *Johnson* v. *Burns,* 39 W. Va. 669 (20 S. E. 686.) So it requires but one more stroke of the pen on the part of this Court, in construing this legislative enactment, to render the right of trial by jury, as preserved by the Constitution, abortive, and to reduce the jury system, so far as civil trials are concerned, to the condition of a mere useless excrescence on judicial procedure; and in such event the sooner it is pared off by the legislative scalpel the better it will be for the

simplification, if not for the purification and betterment, of civil trials. But who is to act sponsor for the probity, impartiality, uprightness of conduct, and freedom from undue influence of those who may be called upon to exercise the extraordinary prerogatives of both judge and jury? They are but men—mere men—and not, like Portia, always above suspicion. This presents the one simple question whether the jury are to be allowed to determine the credibility of witnesses, or whether this Court, without seeing or hearing the witnesses, or having an opportunity to weigh their demeanor and conduct, are to determine their credibility from the evidence appearing in the record, and from this to reach the conclusion that the verdict of the jury, and the action of the lower court in support thereof, were wrong, not because they did not have a better opportunity of judging, but because the members of this Court, though merely men, yet are further removed from local influences, are more learned in the law, have a wider experience and greater knowledge of human conduct, and are more capable, with fewer facts, of arriving at the truth. While this may all be true, yet it is a matter that admits of serious doubt, and in such cases it is always best to take the side of safety, and stick to the old landmarks. Some more ruthless hand must rob the right of trial by jury of its last citadel of defense, and reduce it to a condition of useless existence—a mere name, without substance.

My conclusion therefore, is that the jury had the right to judge of the credibility of the witnesses testifying before it, and the Constitution and the law forbid this Court to interfere with their finding. For which reason the judgment is affirmed.