# CHARLESTON.

## SISLER *v.* SHAFFER.

### Submitted June 9, 1897—Decided November 13, 1897.

| 43 | 769 |
|----|-----|
| 44 | 220 |
| 43 | 769 |
| 46 | 241 |
| 43 | 769 |
| 48 | 71 |
| 48 | 338 |
| 43 | 769 |
| 55 | 401 |
| 43 | 769 |
| 58 | 181 |
| 43 | 769 |
| 65 | 262 |

1. EVIDENCE—*Party to Suit—Relevancy.*
    A party to a suit who testifies in his own behalf to a fact irrelevant to the issue in support of his own testimony, and prejudicial to his opponent, cannot object to its contradiction on the ground of irrelevancy. (p. 771.)

2. NEWLY-DISCOVERED EVIDENCE—*Review on Appeal.*
    Whether either party may introduce newly-discovered testimony after a case has been once closed is a matter of sound discretion, which will not be reviewed, unless it has been clearly abused. (p. 771.)

3. NEWLY-DISCOVERED EVIDENCE—*Setting Aside Verdict.*
    Newly-discovered evidence, merely cumulative, however apparently decisive, is not sufficient cause to justify setting aside the verdict of a jury. (p. 771.)

4. APPEAL—*Review on Appeal.*
    This Court will not disturb the verdict of a jury, founded on conflicting testimony approved by the trial court, unless the evidence, as a whole, clearly and plainly preponderates against such verdict. (p. 772.)

Error to Circuit Court, Preston County.

Action by John F. Sisler against Gus J. Shaffer. Plaintiff had judgment. Defendant brings error.

*Affirmed.*

NEIL J. FORTNEY and HENRY CLAY HYDE, for plaintiff in error.

P. J. CROGAN, for defendant in error.

DENT, JUDGE :

Writ of error from a judgment of the Circuit Court of Preston county in favor of Joseph F. Sisler against Gus J. Shaffer, for the sum of two hundred and eighty-nine dollars and fifty-two cents, with interest and costs. Defendant assigns the following errors, to wit: (1) That the witnesses Michael Lynch and James Wright were permitted to testify as to separate purchases of them at other times and places not involved in the present suit; (2) that the defendant was not permitted to introduce newly-discovered evidence after the argument of counsel, but before the retirement of the jury; (3) that the verdict of the jury was not set aside on account of newly-discovered evidence, and because contrary to the law and the evidence.

The question of fact involved in this suit was as to whether the defendant, when he purchased a certain lot of lumber of the plaintiff, made known that, in making the purchase, he was acting as the agent of Bew & Co. Plaintiff testified that he did not do so. Defendant, on the other hand, testified to the contrary; and in support of his defense, while giving his testimony in chief, made the broad statement that at the time of the purchase in controversy he was not engaged in buying or shipping any lumber on his own account. To discredit the defendant's testimony, the court allowed the plaintiff, over the objection of the defendant, to introduce the witnesses Lynch and Wright, who testified that about the same time the defendant had purchased separate bills of lumber of them, and that they had or were about to sue him therefor. This was not a matter material to the issue, about which the defendant ordinarily could be contradicted. His own evidence on the point was irrelevant, but, having introduced it in support

of his evidence, the plaintiff had the right to contradict it. "A party who draws from his own witness irrelevant testimony, which is prejudicial to the opposing party, ought not to be heard to object to its contradiction on the ground of its irrelevancy." 29 Am. & Eng. Enc. Law, 793, 794; *State* v. *Sergent*, 32 Me. 429. Strange cattle having wandered through a gap made by himself, he cannot complain. It was a question of sound discretion with the court as to whether the newly-discovered evidence should be permitted to go to the jury at the late stage at which it was offered; and this discretion was not abused, as the court could not permit it to be heard at that time without re-opening the case, and it was improper to do so, unless the evidence was sufficient to justify setting aside the verdict, if one had been found before its discovery. To admit would have been equivalent to granting a new trial, as the plaintiff would have the right to have the case continued on the grounds of surprise. Hence this at once raises the question as to whether the newly-discovered evidence would justify the setting aside of the verdict. The defendant testified that at the time the purchase was made of the plaintiff he informed him that he was acting as the agent of Bew & Co. Stemple's evidence, newly discovered, would have fully corroborated defendant, and wholly related to that to which he had testified, and in all probability would have been sufficient to have defeated the plaintiff's action. Unfortunately, it comes strictly under the character of evidence called accumulative, and which, as has long been the settled law, is insufficient to sustain a motion for a new trial. *Grogan* v. *Railway Co.*, 39 W. Va. 421 (19 S. E. 563); *Halstead* v. *Horton*, 38 W. Va. 727 (18 S. E. 953); *Carder* v. *Bank*, 34 W. Va. 38 (11 S. E. 716); 16 Am. & Eng. Enc. Law, 575. This rule has been denounced as not being founded on just or solid grounds. *Silver Plate Co.* v. *Barclay*, 48 Hun, 56. But it has been too long established now to be disregarded. It is said in support of the rule, that, were it otherwise, "not one verdict in ten would stand. Some corroborating evidence may always be found or made, and the trial by jury would be the most precarious of all trials." "Every one must perceive the inconvenience and delay which will arise from granting new trials upon the discovery of new testimony or other wit-

nesses to the same fact. It often happens that neither party knows all the persons who may be acquinted with some of the circumstances relating to the point in controversy. If a suggestion then of the present kind be listened to, a second, if not a third and fourth, trial may always be had. There may be many persons yet unknown to the defendants who may be material witnesses in this cause, and this may continue to be the case after a dozen trials." Hil. New Trials, p. 500, § 13. It looks like a great hardship that a' defeated litigant should not be permitted to have the advantage of after-discovered and strongly decisive corroborating testimony which he was unable to use at the trial; yet to establish such a precedent would be to cause litigants to be careless in preparation for trial, and open the way to the manufactory of such testimony, to the delay and subversion of justice.

The last point relied on is that the verdict is contrary to the law and the evidence. The facts undisputed are that the defendant contracted to purchase a certain lot of oak lumber of plaintiff, who loaded and shipped the same to Bew & Co., of Baltimore. Some time after shipment Bew & Co. went out of business, without paying for the lumber. The question of dispute is as to whether the defendant informed plaintiff that he was making the purchase as the agent of Bew & Co. in such manner as to relieve him from liability. Defendant maintains he did. Plaintiff denies it. The evidence of the witnessess Lynch and Wright is discredited by the fact that they are setting up the same kind of claims against the defendant, and are interested in requiring the defendant to make good the losses sustained by the failure of Bew & Co. The legitimate evidence, as certified, is contradictory and apparently preponderates in favor of the defendant. Yet the jury found against him, and the circuit court which heard the testimony, confirmed the finding, and this Court will not disturb it, unless it can hold that it is "plainly against the decided and clear preponderance of evidence." *Johnson* v. *Burns,* 39 W. Va. 658 (20 S. E. 686); *Akers* v. *De Witt,* 41 W. Va. 229 (23 S. E. 669). In all similar cases of agency, the true inquiry is, to whom was the credit given—to the agent or principal, or both? The agent can always relieve himself from responsibility by distinctly and

unequivocally making the contract in the principal's name, and not in any wise lending his credit thereto. Or he may buy for the principal, and still make himself liable by dealing in such way as to lead the seller to believe that, although he is buying for a disclosed principal, he (the agent)is to be the responsible paymaster. Mechem,Ag. § 564; Story, Ag. §§ 266, 267. If the agent would escape personal responsibility, "it is his primary function to bind the principal, and not himself; and likewise to bind such third persons to the principal and not to himself." Mechem, Ag. § 408. "The act of the agent should purport to be what it is intended to be,—the act of the principal,—and should be performed in his name by the agent as such." Id., § 417. In the case of *Cobb* v. *Knapp*, 71 N. Y. 348, an almost similar case to the one under discussion, except that wheat instead of lumber was involved, the judge says: "In this case the evidence of the defendant, which was to some extent corroborated, if true established a case of non-liability." "If the jury adopted the plaintiff's evidence, it made a clear case of liability." "If the verdict was wrong, it was the error of the jury," which this Court is powerless to disturb and the judgment must be affirmed.

*Affirmed.*