# CHARLESTON.

SMITH *v.* NORFOLK & WESTERN RY. CO.

Decided April 14, 1900.

1. CARRIER'S LIABILITY—*Assault—Protection.*

A railroad company is liable to a passenger on one of its trains for a willful assault and battery committed on such passenger by the conductor in charge of such train. Such an assault is a breach of the duty of protection which such company owes to its passengers. (p. 70).

2. VERDICT—*Witness—Credibility.*

The verdict of a jury, depending on the weight of oral testimony and the credibility of witnesses, will not be disturbed, unless for some reason there has been a plain miscarriage of justice. (p. 71).

Error to Circuit Court, Wayne County.

Action by W. J. Smith against the Norfolk and Western Railway Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

J. CAMPBELL and HOLT & CAMPBELL, for plaintiff in error.

J. M. TIERNAN and J. T. GRAHAM, for defendant in error.

DENT, JUDGE:

Defendant obtained a writ of error from one of the judges of this Court to a judgment against it for the sum of five hundred dollars rendered on the 11th day of October, 1898, by the circuit court of Wayne County on a verdict of a jury in favor of the

plaintiff for an aggravated assault made upon him, while a passenger on one of the defendant's trains, by the conductor thereof. There are two main grounds relied on, to-wit, that the verdict is contrary to the law and the evidence, and that the court erred in giving the following instruction, designated as No. 2: "The court instructs the jury that if they should believe from a preponderance of the evidence in this case that the plaintiff, at the time of the injury complained of, while riding as a passenger on the defendant's train, was cursing or behaving in a riotous or disorderly manner, then it was the privilege of the defendant to put him off such train, and the law gave the conductor and trainmen in charge of such train the right to use such force as was necessary for that purpose; but no such conduct on the part of the plaintiff would license or authorize the conductor on such train to unnecessarily assault and beat the plaintiff." The defendant insists that this instruction garbles the evidence, in not adding thereto: "And if the jury further find that the plaintiff did not first assault the conductor." There are two objections to this amendment. The one is that it is already sufficiently and substantially contained in the words "riotous and disorderly manner"; and the other is that, if the plaintiff did first assault the conductor, that would not justify the conductor in unnecessarily assaulting and beating the plaintiff. The distinction attempted to be drawn is entirely too fine of comprehension to have any weight with the ordinary judicial mind, and could not possibly have affected the verdict of the jury prejudicially to the defendant. The question submitted to the jury was as to whether the conductor unnecessarily assaulted the plaintiff. He, being a passenger, was entitled to protection; and the law enjoins on the conductor, as the representative of the defendant, this duty. Common carriers are liable for the willful, wanton, malicious, or illegal conduct of an employe towards passengers on their trains, when such conduct is a breach of the duty owed to persons intrusting themselves to their care, at their solicitation, for compensation. *Claiborne* v. *Chesapeake and Ohio Railway Co.,* 46 W. Va. 363, (33 S. E. 262); *Gillingham* v. *Railroad Co.,* 35 W. Va. 588, (14 S. E. 243) 14 L. R. A. 798. The evidence in this case is conflicting. There is no question but that the conductor did assault the plaintiff, a passenger on his train, who had paid his fare, and was entitled to ride thereon and to the protection of the defendant. The plaintiff's evidence shows that such assault

was aggravated and unjustifiable, to such an extent as clearly to establish maliciousness. The defendant's evidence, standing alone, would establish complete justification, and destroy the aggravated character of the assault, and therewith malice. The conflict thus presented is one for a jury to determine. It depends almost entirely on the credibility of the witnesses, and the weight given thereto by the verdict of the jury, sustained by the trial court. The evidence does not plainly preponderate in favor of the defendant, and, according to the many rulings of this Court, the judgment cannot be disturbed. *Trump* v. *Coke Co.,* 46 W. Va. 238, (33 S. E. 1035); *Young* v. *Railroad Co.,* 44 W. Va. 218, (28 S. E. 932); *Sisler* v. *Shaffer,* 43 W. Va. 769, (28 S. E. 721); *Akers* v. *DeWitt,* 41 W. Va. 229, (23 S. E. 669). This Court still recognizes as sacred the limited province of jury trial. A careful examination of the record shows no reversible error. The judgment is therefore affirmed.

*Affirmed.*