## GUS WALKER v. STATE.

No. A-1233.   Opinion Filed September 28, 1912.

(126 Pac. 829.)

1.   RAPE—Criminal Prosecution—Sufficiency of Evidence. Evidence reviewed, and held sufficient to sustain verdict of guilty in prosecution for statutory rape.

2.   SAME—Evidence—Admissibility. In a prosecution for statutory rape, the defendant is not entitled as a matter of right to question the prosecutrix on cross-examination as to whether any one except the defendant had sexual intercourse with her.

(Syllabus by the Court.)

*Appeal from District Court, Okfuskee County;
John Caruthers, Judge.*

Gus Walker was convicted of statutory rate, and appeals. Affirmed.

*W. A. Huser* and *C. B. Conner,* for plaintiff in error.

*Chas. West,* Atty. Gen., for the State.

DOYLE, J.   The plaintiff in error, Gus Walker, was convicted of the crime of rape, alleged to have been committed on the 1st day of August, 1909, upon Pearl Baker, a female under the age of 16 years, and his punishment assessed by the jury at imprisonment in the penitentiary for five years. The judgment

and sentence was pronounced and entered February 24, 1911. He appealed by filing in this court a petition in error with case-made July 1, 1911.

There were but two witnesses for the state. J. L. Baker testified that prosecutrix was his daughter; that she was born in the Cherokee Nation on the last day of July, 1895, and was now 15 years of age; that he had one other child, a boy, 11 years old; that his wife died four years ago; and he had since lived with his daughter and son on a farm in Okfuskee county. The prosecutrix testified that she was acquainted with the defendant for about two years, that he lived about a half or three-quarters of a mile from her father's home.

The record shows that it was with great difficulty the witness was brought to the point of testifying in support of the allegations of the information, and then only after much urging by the county attorney and admonishing remarks by the court. As taken from the transcript her further testimony is as follows:

"Q. Did the defendant any time during the summer of 1909 have any improper relations with you? Just answer the question. I know it is embarrassing.

"By the Court: Answer that question.

"By the Witness: A. I don't want to injure him, because I don't want him sent over the road.

"By Mr. Wright: Q. Answer the question. Did he, or did he not?

"By the Court: Answer the question 'Yes' or 'No.'

"By the Witness: A. I would give my life if I could just only keep him out of there.

"By the Court: Answer that question 'Yes' or 'No.'

"By Mr. Wright: Q. Just answer the question.

"By the Court: Q. Can you answer that question 'Yes' or 'No? You can answer it 'Yes' or 'No.' Answer it one way or the other; say 'Yes' or 'No.'

"By Mr. Huser: The defendant objects to the question because it is leading, and calls for a conclusion of the witness. Let him ask the witness what happened.

"By Mr. Wright: That will be the question to follow, I think. I will withdraw the question. How far did you live from Welty at this time? A. Lived about a mile and a half. Q. How far did you live during the summer of 1908? A. Lived about four miles. ·Q. Just remove your hands, and sit up straight so

the jury can hear you. You just answer the questions that are asked and state what the truth is, whatever it is. A. It is not going to do me any good. It is not going to help me raise that baby. Q. I will ask you, did the defendant ever have intercourse with you at any time? Answer 'Yes' or 'No.'

"By the Court: Q. Answer that question 'Yes' or 'No,' one way or the other. Did the defendant ever have sexual intercourse with you? A. Yes, sir.

"By Mr. Wright: Q. When was it as near as you remember, about what time? A. I don't know what time it was. Q. What year? A. I don't know that either. Q. As a result of the sexual intercourse are you the mother of a child at this time? A. Yes, sir. Q. When was that child born? A. Born 11th day of May, 1910. Q. In what county were you living at the time you had that sexual intercourse with the defendant? A. In Okfuskee. Q. You are not now, or never have been, the wife of the defendant, Gus Walker, have you? A. No, sir."

On cross-examination she admitted that at the time of the birth of her child she told Mrs. Mashburn that the child was Lon Welch's; that she told her this because she did not want to tell her whose child it was.

The defendant testified on his own behalf that three years before the trial he moved from Texas to Okfuskee county, Okla., and denied that he ever had intercourse with the prosecutrix. On cross-examination he admitted that in December, 1909, he moved back to Texas, and was there arrested for the offense here charged.

The first assignment of error is "that the evidence on the part of the state is insufficient to sustain a conviction, for the reason that the act complained of is not shown to have occurred within the statute of limitations; that the trial court therefore erred in denying defendant's motion for a directed verdict of acquittal." We have no hesitation in saying that the evidence disclosed by the record was amply sufficient to warrant the court in refusing to direct a verdict of acquittal. It is an undisputed fact that defendant and prosecutrix had known each other for less than three years before the trial. The birth of the child conclusively established a prior act of intercourse, and this fact was relevant. It is our opinion that the evidence is sufficient to sustain the verdict.

The only other assignment argued in the brief relates to a ruling of the court on the cross-examination of the prosecutrix. She was asked:

"Q. Miss Pearl, did any one else ever have intercourse with you except the defendant? By Mr. Wright: We object as incompetent, irrelevant, and immaterial, and not proper cross-examination. By the Court: Sustained. (The defendant excepts.)"

We think the court properly sustained the objection to this question. If the question was definite in time or confined to about the time of the commission of the alleged crime, it might be competent cross-examination, in that the answer might tend to show that a man other than the defendant had sexual intercourse with the prosecutrix, and could have been the father of the child. *Bice v. State,* 37 Tex. Cr. R. 38, 38 S. W. 803; *Knowles v. State,* 44 Tex. Cr. R. 322, 72 S. W. 398; *People v. Flaherty,* 79 Hun, 48, 29 N. Y. Supp. 641. In the form the question was asked the evident purpose was to show a lack of chastity, and thus impeach the prosecutrix. Evidence tending to show a lack of chastity on the part of the prosecutrix is only admissible to raise the presumption of consent, and, this being a case of statutory rape, that issue was not in the case. Says Wharton:

"Whether in a prosecution for rape the prosecutrix can be compelled to answer as to prior sexual relations with other persons than the defendant has been the subject of conflicting rulings. In England, and in several of our own courts, the conclusion is that, while such questions may be asked, answers to them will not be compelled; and in Massachusetts it has been held that in such cases proof of the prosecutrix having had prior connection with others than the defendant is inadmissible. On the other hand, in New York and other states the prosecutrix will be compelled to answer questions as to such acts of illicit intercourse with others than the defendant. As to whether, upon denying such intercourse, she can be contradicted, there is also a difference of opinion. The real question in such cases is, Is it material to the issue whether the prosecutrix had previously such illicit intercourse?" (Wharton, Crim. Law [10th Ed.] sec. 568.)

"The great weight of authority is to the effect that the bad character for chastity of the prosecutrix in a prosecution for rape cannot be shown by introducing evidence of particular acts

of unchaste conduct with a person or persons other than the defendant." (5 A. & E. Ency. 878.)

In the case of *State v. Smith,* 18 S. D. 341, 100 N. W. 740, the Supreme Court of South Dakota says:

"Under our statute it is rape to carnally know a female child under the age of sixteen years, either with or without her consent, and no evidence of specific acts of similar unchaste conduct with men other than the accused is admissible to show consent, or for the purpose of further disgracing the child, or as bearing upon the credibility of her testimony. In the case of *People v. Johnson,* 106 Cal. 289, 39 Pac. 622, the court say: 'The prosecuting witness is under the age of consent, and for this reason evidence either of general reputation or specific acts would seem to be immaterial. This class of evidence is admissible for the purpose of tending to show the nonprobability of resistance upon the part of the prosecutrix; for it is certainly more probable that a woman who has done these things voluntarily in the past would be much more likely to to consent than one whose past reputation was without blemish, and whose personal conduct could not be truthfully assailed. In other words, this class of evidence goes to the question of consent only, and in a case like the present the question of consent is not involved. * * * Sound reason declares that such of necessity must be the rule. If this class of evidence was admissible as going to the credibility of the testimony of the prosecutrix in its entirety, then it would be equally admissible as against the veracity of any female who might be called upon to give evidence in a case. Yet no such principle is recognized anywhere.' The following cases are to the point that evidence showing that a female under the age of consent has had prior sexual intercourse with other men is incompetent, as bearing upon her credibility, as well as for every other purpose. *State v. Whitesell,* 142 Mo. 467, 44 S. W. 332; *State v. Ogden,* 39 Ore. 196, 65 Pac. 449; *People v. Abbott* [97 Mich. 484] 56 N. W. 862, 37 Am. St. Rep. 360."

After a careful examination of the record, we think the defendant had a fair trial. The trial court and jury saw and heard the parties, and the verdict and judgment should not be disturbed in the absence of prejudicial error.

Finding no error, the judgment is affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.