## WILEY TAYLOR v. STATE.

No. A-2820.   Opinion Filed March 30, 1918.

Rehearing Denied April 20, 1918.

(171 Pac. 739.)

1.    **RAPE—Information—Proof.**   Where an information charging
statutory rape in the first degree alleges the crime to have been
committed "on or before September 1. 1915," the state is not re-
quired to prove said crime as committed on the date alleged, but
may rely upon any specific act of sexual intercourse committed
within three years previous to the date of the commencement of
the action.

2.    **EVIDENCE—Admissibility—Other Acts.** Where the trial court re-
quires the state to elect to rely for conviction upon a certain spe-
cific act of intercourse between the prosecutrix and defendant
committed some two years prior to the commencement of the
action, evidence of other acts of illicit intercourse between said
parties, continuing from said act up until a short time prior to
the commencement of the prosecution, is competent to show the
intimate relation and familiarity between the parties and as cor-
roborative of the ultimate fact sought to be proven.

3.    **RAPE—Evidence—Sufficiency.**   Evidence examined and **held** suf-
ficient to sustain a conviction of statutory rape in the first degree.

*Appeal from District Court, Seminole County;*
*Tom D. McKeown, Judge.*

Wiley Taylor was convicted of rape in the first de-
gree, and sentenced to serve a term of 18 years in the
penitentiary, and appeals.   Judgment affirmed.

*A. Turner,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst.
Atty. Gen, for the State.

MATSON, J.   It is first contended that the verdict is
contrary to the law and the evidence, in that the testi-
mony of the prosecuting witness, Lucinda Mitchell, shows

"that she was past the age of 14 years at the time the information was filed and the crime alleged to have been committed." The plaintiff in error was convicted and sentenced to serve a term of 18 years in the penitentiary for rape in the first degree; it being the contention of counsel for plaintiff in error that, if he was guilty of any offense at all, it was rape in the second degree, which may only be punished by a maximum imprisonment in the penitentiary for a term of 15 years. The prosecuting witness, Lucinda Mitchell, was an ignorant Indian girl. She had received very little educational training. Her examination shows that she did not know the number of days in a week or month, and that she was uncertain as to her age, testifying that she was told she was 14 years old, and also that her mother told her that she was 17 years old. This was at the time she appeared as a witness. However, Rebecca Brown, a witness, testified positively that Lucinda Mitchell was 14 years of age in May, 1915. The information alleged that the crime was committed on or before the 1st day of September, 1915. Therefore, if the state was compelled to rely upon the date stated in the information, and limited its proof thereto, the prosecuting witness would have been past 14 years of age at the time of the commission of the alleged crime, and defendant could only have been convicted of rape in the second degree. But time is not of the essence of this offense, and it may be proved to have been committed at any time within the period of three years prior to the commencement of the prosecution, and in this instance the trial court required the state to elect to rely upon a particular act of intercourse, and the state elected to rely upon the first act of sexual intercourse between defendant and the prosecuting witness, which occurred in

the latter part of the year 1913, or the first of the year 1914, nearly two years prior to the date alleged in the information, but within the statute of limitations, and the trial court, in his instructions to the jury, limited its consideration of the question of guilt of this defendant to the particular act relied upon by the state for a conviction. Accordingly, the proof on the part of the state, if believed, showed the commission of rape in the first degree, and the fact that there was proof of a continuous unlawful relation between defendant and prosecuting witness until after she attained the age of 14 years, which culminated in her pregnancy in the late spring or early summer of 1915, although indicating the guilt of defendant of other similar offenses, was competent evidence, as was held by this court in *Myers v. State,* 6 Okla. Cr. 389, 119 Pac. 136; *Penn v. State,* 13 Okla. Cr. 367, 164 Pac. 992, L. R. A. 1917E, 668; *Morris v. State,* 9 Okla. Cr. 241, 131 Pac. 731. We hold, therefore, that the verdict is not contrary to the evidence or the law.

It is also contended that the court erred in giving a charge to the jury on first degree rape. It necessarily follows from what has been said concerning the first assignment of error that no error was committed by the court in submitting first degree rape to the jury.

It is also contended that the court erred in overruling a demurrer to the evidence because defendant was surprised, it being alleged in the information that the crime was committed on the 1st day of September, 1915, and the state was permitted "to prove the crime to have been committed two years prior to that date." It is contended that this operated as a surprise, because plaintiff in error was prepared to defend against a crime alleged to have

been committed on September 1, 1915, which would show that he was only guilty, if at all, of rape in the second degree, and therefore he was prejudiced in his substantial rights, and the demurrer to the evidence should have been sustained. We think this contention is without merit, because time is not of the essence of the offense, as above stated, and the information plainly charged him with the crime of rape in the first degree both at the preliminary examination and in the district court. He was charged with knowledge, therefore, that the crime committed by him was upon a female under the age of 14 years, and that the state could rely upon any particular act of sexual intercourse of his with the prosecuting witness committed within three years prior to the date of the commencement of the action, and at a time when said prosecuting witness was under the age of 14 years. He could not claim surprise, therefore, under such circumstances. The information was clearly sufficient to fairly warn him of the nature and circumstances of the crime with which he was charged.

It is also contended that the proof of the fact that the prosecuting witness was under the age of 14 years at the time of the commission of this offense is very unsatisfactory and contradictory. The sufficiency of the proof of the crime charged is for the jury. This court will not disturb a verdict on this ground merely because there may be a conflict in the testimony. In this case, however, we see very little conflict. The testimony of the prosecuting witness is to the effect that she was always told she was 14 years old, but that her mother had told her she was 17. Mrs. Rebecca Brown positively testified that the girl was only a few months past 14 years old at the time she testified. She fixed the child's age by reason of the

fact that she had two daughters, one two years older than. the prosecuting witness and one one year younger. Mrs. Brown had known the prosecuting witness from the time of her birth, and testified that when the prosecuting wit- ness was one month old, her mother brought the child to Mrs. Brown's house on a visit. The mother of this child. was present in court, and in no way contradicted the tes- timony of Mrs. Brown as to the child's age. Also this prosecuting witness testified that her mother was present in the room where the defendant continuously had access to her for this unlawful purpose. The defendant was her stepfather, and the prosecuting witness testified that the acts perpetrated by him upon her were with her mother's knowledge, consent, and encouragement, and yet this de- praved mother sits silently by in the courtroom and does not even contradict the child as to that.

This record discloses a most deplorable state of facts. It is almost impossible to conceive that in this enlightened day and age we can find a mother or stepfather so utterly depraved as to permit or encourage conduct of this kind. That defendant escaped with his life when the jury might have inflicted the death penalty is miraculous under the proof. He was ably defended, and the facts and circum- stances disclosed by the evidence in this case clearly indi- cate his guilt of the crime of rape in the first degree. The assignments of error are purely technical. This court is convinced that his trial was a fair and impartial one, and that the punishment received at the hands of the jury is extremely lenient under the circumstances.

The judgment of conviction is therefore affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.