## CLIMER *v.* STATE.

Opinion delivered February 11, 1924.

WITNESSES—CARNAL ABUSE—IMPEACHMENT OF PROSECUTRIX.—In a prosecution for carnally knowing a female under the age of sixteen, where the State, to corroborate the prosecutrix, showed that a child was born to her 9 months after the alleged intercourse, it was error to exclude evidence tending to prove that another man had intercourse with her about the time of conception.

Appeal from Franklin Circuit Court, Ozark District; *James Cochran,* Judge; reversed.

*G. C. Carter* and *Dave Partain,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter, Wm. T. Hammock, Darden Moose* and *J. S. Abercrombie,* Assistants, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Franklin County, Ozark District, for carnally knowing Vernie Yocum, a female

under the age of sixteen years, and adjudged to serve a term of one year in the State Penitentiary as punishment therefor. From that judgment he has duly prosecuted an appeal to this court.

The testimony introduced by the State showed that appellant had sexual intercourse with Vernie Yocum, in said district and county, on or about September 1, 1922, and thereafter. In corroboration of the testimony of the prosecutrix to that effect, the State showed that a child was born to her on June 3, 1923.

In order to break down the credibility of the prosecuting witness, appellant offered to prove that, on or about the time of conception, she had sexual intercourse with another man in the depot toilet at Alix. Over the objection and exception of appellant, the court ruled that such testimony was inadmissible. Learned counsel for the State contends that the exception to the ruling of the court was not properly preserved in the motion for a new trial, because no ground set out in the motion was responsive to this testimony. In this contention they are mistaken. The twelfth ground in the motion refers to this testimony and the exception by appellant to the ruling of the court on its inadmissibility. It is as follows:

"12. The court erred in refusing to permit the defendant to prove by the witnesses, J. D. Jackman and J. D. Brown, that, about the first of September, 1922, they saw the prosecuting witness, Vernie Yocum, go with a man into a toilet near the depot at Denning Yards, and stay for a few minutes, and then came out, fastening up their clothes, and that they engaged in sexual intercourse in the toilet."

This court said, in the case of *McDonald* v. *State*, 155 Ark. 151: "That where the State undertakes, on direct examination, as was done here, to corroborate the testimony of the prosecutrix by introducing a child which she testifies was the result of the sexual intercourse with the accused, then testimony introduced by him in rebuttal, tending to prove that another might have been the father of the child, is competent and relevant. The logical tend-

ency of such testimony would be to break down the credibility of the prosecuting witness on an issue which the State had elected to bring forward as material to the cause."

It was also said by this court, in the case of *Rowe* v. *State,* 155 Ark. 419, that: "If the State elects to attempt to corroborate the prosecuting witness by showing that a child was begotten by illicit intercourse charged in the indictment, then the defendant may show acts of sexual intercourse with other persons, about the time conception took place, for the purpose of rebutting this testimony. The State made that effort here, and the defendant should therefore have been allowed to rebut that testimony by showing that some other person was the father of the child." Under the rule of evidence announced in the cases cited above, it was error to exclude the testimony offered by appellant, tending to attribute the paternity of the child to another.

On account of the error pointed out the judgment is reversed, and the cause is remanded for a new trial.