## ALFRED WITT v. STATE.

No. A-4723.   Opinion Filed March 12, 1925.
(233 Pac. 788.)

(Syllabus.)

**Rape—If All Material Evidence of State Contradictory and Unreason-**

able, Verdict Set Aside. In a case of rape where all the material evidence on the part of the state is contradictory, inconsistent, and unreasonable and bears upon its face inherent evidence of improbability, it is insufficient to sustain a conviction, and in such case the verdict will be set aside.

Appeal from District Court, Payne County; C. C. Smith, Judge.

Alfred Witt was convicted of rape and sentenced to serve a term of one year in the penitentiary, and he appeals. Reversed.

John P. Hickam, for plaintiff in error.

George F. Short, Atty. Gen., and Leon S. Hirsh, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error assigns that the evidence is insufficient to sustain the verdict, and that the court excluded competent evidence in behalf of the defendant.

We think there is no merit in the latter contention. The evidence excluded was merely as to the general reputation for truth and veracity of the prosecuting witness, and if admitted would have been merely cumulative. The record also discloses that the witnesses whose testimony was excluded were not qualified. There was no error on this point.

The other contention that the evidence is insufficient to sustain the verdict and judgment, we believe, is well taken. We have considered the briefs of both the plaintiff in error and the state and have examined the record carefully. The material evidence for the state is that of the prosecuting witness, Marie Broyles, her father, and brother, 14 or 15 years old, and a sister some 8 or 10 years of age. The testimony of these witnesses is a mass of contradictions and inconsistencies from beginning to end.

We are not unmindful of the rule frequently announced by this court to the effect that the weight and credibility of the evidence of the witnesses is for the jury, and the court will not reverse a conviction on conflicting evidence where there is substantial evidence supporting the verdict. Walker v. State, 20 Okla. Cr. 316, 202 P. 799; Sherman v. State, 20 Okla. Cr. 306, 202 P. 521; Ravenscraft v. State, 23 Okla. Cr. 361, 214 P. 946. That rule is sound, as well as the rule that a conviction for rape may be sustained upon the uncorroborated evidence of the prosecutrix. But a charge of rape is one, as has often been said, following the admonition of Lord Hale, "that this is an accusation easy to be made and hard to be proved, and harder to be defended by the party accused, though ever so innocent."

The charge is one that arouses the passions and prejudices of jurors, and for that reason it is the duty of the court to closely scrutinize the evidence, and where the evidence of the state is unreasonable, inconsistent, and contradictory, and there is inherent evidence of improbability or indications that the prosecution is maliciously inspired, the court should not permit a conviction to stand.

It will serve no good purpose to set out the facts disclosed by the record in this case, nor the many contradictions, inconsistencies, and unreasonable features of the evidence. It is our opinion that the conviction should be set aside.

The judgment of the district court of Payne county is therefore reversed.

BESSEY, P. J., and DOYLE, J., concur.