## STATE v. ORTON.

No. 4484.   Decided March 17, 1927.   (254 P. 1003.)

*Durham Morris,* of Parowan, and *Wm. F Knox,* of Beaver, for appellant.

*Harvey H. Cluff*, Atty. Gen., and *L. A. Miner*, Asst. Atty. Gen., for the State.

PER CURIAM.

The defendant was convicted by the verdict of a jury, in the district court of Iron county, Utah, of the crime of having had carnal knowledge of the body of an unmarried female under the age of 18 years, to wit, of the age of 16 years, and was sentenced to a term of not exceeding 5 years in the state prison. The act constituting the crime was alleged to have been committed on January 10, 1925. The prosecutrix testified specifically as to the time, place, and circumstances, fixing the time as in the month of December, 1924.

Twins were born to the prosecutrix September 11, 1925, and one of them, over the objection of defendant, was exhibited at the trial as the result of the alleged intercourse charged in the information. The prosecutrix testified at the trial that defendant was the father of the child, and expert and other evidence was introduced by the state tending to prove that the birth of the child could have been the result of the criminal intercourse alleged in the information.

The defendant, under his plea of not guilty, testified in his own behalf that he never had sexual intercourse with the prosecutrix at any time or place.

The prosecutrix was asked by the district attorney when, if ever, she made complaint to her mother concerning her condition. This was excepted to by the defendant's counsel as incompetent and irrelevant. The witness was permitted to answer that she had made complaint, but it does not appear when the complaint was made, nor what she said. Without passing upon the question as to whether it is competent in this class of cases to prove that complaint was made, as in cases of rape, it is sufficient to say that in the instant case no possible harm to the de-

fendant appears to have resulted from permitting the witness to answer.

It was contended by the defendant at the trial of the case that in view of the fact that the state, over his objection, had been permitted to prove the birth of a child as the result of the alleged intercourse between defendant and the prosecutrix, defendant should likewise be permitted to prove that the prosecutrix had intercourse with other men during the period of gestation. The contention was made that if the birth of the child or children was admissible for the purpose of corroborating the prosecutrix as to the offense charged, the defendant had the right to rebut the presumtion arising from such evidence by facts tending to show the probability that the birth of the children was not the result of the intercourse alleged and not corroborative thereof. It was further contended that defendant had the right to offer any evidence that might create in the minds of the jury a reasonable doubt of his guilt. In pursuance of this theory the defendant on cross-examination of the prosecutrix asked her if she was acquainted with one Warrington, and upon her answering "yes," she was then asked if she had not had illicit intercourse with him. This was objected to by the prosecuting attorney as incompetent, irrelevant, immaterial, and not proper cross-examination. The objection was sustained. Exception by defendant. She was then asked a similar question as to one Langford. Same objection and same ruling by the court. As no definite time was fixed in the questions propounded, it is not apparent that the questions were material, or that the rulings of the court thereon were prejudicial.

Finally, defendant's counsel asked the prosecutrix the following question: "Did you not, during the month of December, 1924, have illicit sexual intercourse with Gosett Applegate?" The attorney for the state again objected on the grounds that it was incompetent, irrelevant, and immaterial. The court, in sustaining the objection, used the following language:

"The objection will be sustained. It is immaterial whether she did or whether she did not. The court holds that it is immaterial. I think it does not make any difference in cases of this kind. It is immaterial whether she had sexual intercourse with a thousand people. The only question is whether she had intercourse with this defendant. If she is under age of consent, she cannot consent."

We quote the above excerpt from the transcript for the purpose of showing the erroneous view of the law taken by the court as applied to the particular facts of the case. The question propounded by defendant's counsel fixed the time in December, 1924. That is the month in which the prosecutrix testified that the intercourse with the defendant occurred. The act to which the question was directed was within the period of gestation, and in our opinion the court erred in sustaining the objection and refusing to permit the answer.

Defendant's counsel have called our attention to many authorities sustaining this view in cases of this nature. The reason upon which the rule is founded is well illustrated in the following excerpt from the opinion in *State* v. *Martin* (W. Va.) 134 S. E. 599, of date September 14, 1926:

"If the paternity of the child was collateral to the issue and was immaterial, it was injected into the case by the state, and, standing as true, a fact uncontradicted and unimpeached, it would militate strongly against the innocence of the accused. Reason dictates that if the alleged paternity was not as she stated, or in all probability defendant was not the father of the child as claimed, evidence to rebut her statement should go to the jury. In bastardy proceedings which do not involve life or liberty, where the issue of paternity is raised, it is competent to show that the complainant was intimate with other men about the time of conception. It is true the issue there is the paternity of the bastard; but the paternity of the child in this case is so intimately connected and interwoven by the state with the issue raised on the indictment that it cannot be regarded as immaterial to defendant when introduced by the state. Moreover, it is rather well established that: 'A party who draws from his own witness irrelevant testimony which is prejudicial to the opposing party, ought not to be heard to object to its contradiction on the ground of its irrelevancy.' 29 A. & E. Ency. Law (1st Ed.) 793; *State* v. *Sargent*, 32 Me. 429; *Sisler* v. *Shaffer*, 43 W. Va. 769, 28 S. E. 721."

In support of the rule holding such evidence admissible we also quote from the opinion in *Fuller* v. *State*, 23 Ariz. 496, 205 P. at page 326, the following:

"In the instant case, however, appellant was attempting to show that the child which was produced by the prosecutrix and referred to by her as the result of an act of intercourse had on June 29, 1920, with the accused, was in truth, begotten by another man. Stated shortly and simply, he had a right to account for the result, i. e., the child by showing that it was due to another cause, i. e., the sexual intercourse of another. His right to do this was coequal with the right of the state to support the allegation of rape by showing the outcome of the act. If appellant could show that he was not the father of the child directly charged to be his, it was most material to his defense, and he should be allowed to prove it by all relevant evidence. There is no dissent in the authorities from these propositions"—citing many authorities.

It is unnecessary to refer to the numerous cases cited by appellant. The Attorney General has filed no brief in reply and expresses the opinion that the court erred in not permitting the prosecutrix to answer the questions.

The court is of opinion that the ruling of the trial court complained of was prejudicial error.

The judgment is reversed and the cause remanded for a new trial.