## W. E. McBRIDE v. STATE.

No. A-8476.   March 3, 1933.
(19 Pac. [2d] 1088.)

306

E. M. Connor, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was tried for embezzlement, convicted, and sentenced to pay a fine of $50, and to be confined in the county jail for 30 days.

The record discloses the defendant was arrested and brought before the court and entered his plea of not guilty, and the court fixed a date for a preliminary trial; the case was continued from that date until June 2, 1932.   When the date arrived for the preliminary to be held, the state insisted the defendant was charged with a misdemeanor, and that the case was assigned regularly for trial.   The defendant objected to going to trial on the merits, insisting he was not ready for trial; that he had only arranged for a preliminary.   The court announced the case was called for trial.   The defendant demanded a jury, and the court issued a special venire, and, in order to give the defendant an opportunity to get his witnesses, continued the hearing from the morning session until 1:30 o'clock June 2, 1932.

When the court reconvened at 1:30 o'clock, the court asked Mr. Connor if he had his witnesses present, and Mr. Connor replied, "We decided we could not get them. We are ready for trial." There are two corrections in the record in this statement of Mr. Connor that are unexplained.   As

typewritten, the answer of Mr. Connor is as follows: "We have decided we would not need them." In the word "would" there is a capital "C" written, and the word "need" is erased and the word "get" written in, which makes the statement as it comes to this court read, "We could not get them. We are ready for trial."

Several errors have been assigned by the defendant that relate to the question of errors committed by the court in the trial of the case. If the defendant had stood upon his objection to going to trial, on the ground that the case had been assigned for a preliminary hearing on June 2, 1932, and not for a final trial, his contention would have been good, and the court would have had no right to force him to trial, but he did not choose to do so. After the court had ordered a special venire and had adjourned until 1:30 in the afternoon, the defendant in open court, as disclosed by the record, as hereinabove quoted, stated: "We are ready for trial." No motion was formerly made by the defendant for a continuance. The defendant does not contend he asked for a continuance or made any showing why he could not go to trial.

In Ex parte Hudson, 3 Okla. Cr. 393, 106 Pac. 540, 107 Pac. 735, 736, this court said:

"A party may waive any provision either of a Constitution * * * or statute intended for his benefit."

In State v. Frisbee, 8 Okla. Cr. 406, 127 Pac. 1091, 1095, this court defined the law to be:

"A defendant in a criminal case may waive any right not inalienable, given him by the statute or by the Constitution, either by express agreement or by conduct, or by such failure to insist upon it in seasonable time as will operate as an estoppel to his afterwards setting it up against the state."

In the body of the opinion, at page 420 of 8 Okla. Cr., 127 Pac. 1091, 1097, the court said:

"When a defendant voluntarily announces ready for trial, this operates as a waiver of all preliminary steps prescribed for preparation for trial."

The fact that the defendant announced ready for trial waived all preliminaries up to that time. The failure of the defendant to incorporate in the case-made a transcript of the evidence, the proceedings relating to the impaneling of the jury, the instructions of the court, and the rulings of the court made in the progress of the trial, the other errors complained of by the defendant are not properly before this court for consideration. There being no fundamental or prejudicial errors in the record sufficient to warrant a reversal, the case is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.