W. L. SELF v. STATE.

No. A-9207.  Aug. 13, 1937.
(70 Pac. 2d 1083.)

212

216

218

Grigsby & Andrews, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction for rape in the first degree and sentence in accordance with the verdict of the jury for the term of 99 years in the penitentiary. The information filed in the district court of Pontotoc county March 3, 1936, charges that in said county on or about the 30th day of June, 1935, the defendant, W. L. Self, accomplished an act of sexual intercourse with one Christine Self, a female under the age of 14 years, and not the wife of said defendant.

On reading the evidence, and carefully considering the proceedings on the trial, our conclusion is that the

judgment in this case cannot be permitted to stand. The conviction rests solely upon the uncorroborated testimony of the daughter of the defendant, the female with whom the incestuous intercourse is alleged to have been committed. In the view we take of the record and the duty devolving upon this court as to the disposition to be made of the case, it is unnecessary to discuss and determine questions arising upon the rulings of the court in relation to matters occurring preliminary to the trial upon the merits.

The principal assignment of error is that the evidence is insufficient to sustain the verdict or support the judgment of conviction. Other assignments relate to rulings of the court in admitting incompetent and prejudicial testimony and in the exclusion of competent testimony, and that the instructions given by the trial court incorrectly state the law of the case.

The record shows that nearly every objection to evidence made by counsel for the defendant was overruled and nearly every objection of the county attorney to evidence offered by the defendant was sustained, and most of the rulings of the court upon the evidence are erroneous.

It is a well-established principle of criminal jurisprudence that incompetent, irrelevant, and immaterial evidence which tends to excite the passions, arouse the prejudices, and awaken the sympathies, or warp or influence the judgment of jurors in any degree, cannot be considered as harmless.

While a conviction for statutory rape may be had on the uncorroborated testimony of the prosecutrix, this is only warranted when all the other facts and circumstances of the offense are corroborative of her testimony and her statements are not inconsistent or contradictory. With-

out such surrounding facts and circumstances, the bald statement of the prosecutrix against the defendant would be so devoid of testimonial value as to render it unworthy of belief.

In the early case of Morris v. State, 9 Okla. Cr. 241, 131 Pac. 731. 735, we said:

"This court does not hold with some that, as a matter of law, rape cannot be established by the uncorroborated testimony of the prosecutrix, but in common with all courts recognizes that, without such corroboration, her testimony must be clear and convincing. And, where the testimony of the prosecutrix bears upon its face inherent evidence of improbability, there should be corroboration by other evidence, connecting the defendant with the commission of the crime. The law is that the life or liberty of a citizen shall be taken only in case the right to do so is established beyond all reasonable doubt; and while there is no rule of law which forbids a jury to convict of rape on the uncorroborated testimony of the prosecutrix, provided they are satisfied beyond a reasonable doubt of the truth of her testimony, yet the courts have always recognized the danger of conviction on her uncorroborated testimony, and the testimony of the prosecutrix, if inherently improbable and uncorroborated, will not justify or support a conviction; as the only reasonable conclusion in such cases is that such verdicts are the result of passion or prejudice, and therefore contrary to law."

In the case of Ferbrache v. State, 21 Okla. Cr. 256, 206 Pac. 617, this court held:

"Under the laws of this state, conviction for rape may be had on the uncorroborated testimony of the prosecutrix; but when her testimony is contradictory, and the defendant testifies and denies specifically the testimony of the prosecutrix, and his testimony is corroborated, the testimony of the prosecutrix, standing alone, is not sufficient to warrant a conviction."

In the case of Witt v. State, 29 Okla. Cr. 357, 233 Pac. 788, 789, it is said:

"But a charge of rape is one, as has often been said, following the admonition of Lord Hale, 'that this is an accusation easy to be made and hard to be proved, and harder to be defended by the party accused, though ever so innocent.' The charge is one that arouses the passions and prejudicies of jurors, and for that reason it is the duty of the court to closely scrutinize the evidence, and where the evidence of the state is unreasonable, inconsistent, and contradictory, and there is inherent evidence of improbability or indications that the prosecution is maliciously inspired, the court should not permit a conviction to stand."

In Palmer v. State, 7 Okla. Cr. 557, 124 Pac. 928, this court held that corroboration is likewise necessary where the testimony of the prosecutrix is obtained through fear, threats, coercion, or duress.

The record shows that the county attorney in his opening statement to the jury stated:

"That the defendant and his family were living down at Ti, and his married son was living with him; that about a week before the filing of this complaint the defendant made a trip up in the northern part of the state, that while he was away on this trip, his daughter-in-law, Lucille Self. and his wife got to questioning the girl—the actions of the defendant and Christine Self had aroused the daughter-in-law's suspicion, but when asked about it she, Christine Self, denied it, that is, she denied it at that time, but she was brought to my office on the 26th day of February and after long examination of witnesses and the doctor's examination here, and going into the history of the case from start to finish, I filed the complaint and had a preliminary hearing."

Thus it appears, and the record shows, that the testimony of the prosecutrix was obtained through persuasion,

fear, and duress. It bears those indications which the testimony of children of that age so frequently bear, of being, to a considerable extent, the thoughts of others— thoughts developed after repeated conversations and much pressure.

It will be observed that there is a direct conflict in her testimony as given on the preliminary examination and on the trial as to what happened while she was sleeping with her father and mother wherein she states that on the next day in answer to their questions she made the statement to her mother and her sister-in-law, Lucille, of her father's treatment of her.

It also appears there is a direct conflict in her testimony and that of the only other witness called by the state to show opportunity to commit the crime when they returned from church together that evening. She states that, "We were all coming back home and my brother ran off and left us and my little sister ran off with him." The witness John Miller testified that he went to church that evening with the defendant and his son Robert and his daughter Christine, and that he left the church with Robert and the defendant came home with Christine.

It may be said in passing that opportunity may be considered as one of the circumstances in a rape case, but it is not corroboration. In several cases it has been held that the mere opportunity to commit the crime of rape is not sufficient corroboration of the testimony of the prosecutrix that rape was committed. State v. Brundidge, 204 Iowa, 111, 214 N. W. 569; Robbins v. State, 106 Neb. 423, 184 N. W. 53; People v. Brehm, 218 App. Div. 266, 218 N. Y. S. 469, 470; State v. Bowker, 40 Idaho, 74, 231 Pac. 706.

It is urged on the part of the state that the testimony of the two physicians making the physical examination, to the effect that they did not find any evidence of the hymen. corroborates the testimony of the prosecutrix.

The prosecutrix testified the first act of sexual intercourse occurred at Tell, Tex., when she "was around 9 or 10 years of age." Asked whether her father had sexual intercourse with her numerous times, she answered: "Yes, sir, he has." Asked if after they left Harden City her father had intercourse with her at Tell, Tex., she answered: "Yes, sir." She was asked by the county attorney: "Have you ever had intercourse with any other man except your father?" To which she answered: "No, sir." On cross-examination she was asked "whether she had not told her mother that her father was not guilty of this crime, and that John Miller in the first place forced her to go to Lucille and tell that her father was guilty." To which she answered: "No." She was then asked "if she did not confess to her mother after they moved from Ti to Horatio, that John Miller had had intercourse with her." To which she answered: "No, sir, I did not."

The rule must be taken as settled in this state that evidence of illicit acts with the defendant prior and subsequent to the date of the charge relied upon by the state for conviction is admissible.

In the case of Morris v. State, supra, it was held that upon a trial for statutory rape, evidence of other acts of sexual intercourse between the same parties is admissible. including evidence of acts committed subsequent to the particular act relied on for conviction, even though it tends to prove other offenses, as relevant circumstances tending to show the relation and familiarity of the parties, and continuousness of the illicit relations thereby

tending to corroborate the testimony of the prosecutrix as to the particular act relied on for conviction.

The great weight of authority is to the effect that in a prosecution for statutory rape evidence of immorality or unchaste conduct with others than the defendant is no defense, and evidence thereof is inadmissible. Penn v. State, 13 Okla. Cr. 367, 164 Pac. 992, L. R. A. 1917E, 668, Taylor v. State, 14 Okla. Cr. 400, 171 Pac. 739, Marlow v. State, 20 Okla. Cr. 326, 202 Pac. 1048.

In the case of Walker v. State, 8 Okla. Cr. 125, 126 Pac. 829. this court held that it is no defense to an accusation that the prosecutrix may have had improper relations with other men, and that as a general rule the prosecutrix cannot be cross-examined as to whether any one other than the defendant had sexual intercourse with her.

An exception to the rule exists in some cases, and evidence of improper relations with other men is admitted to rebut the testimony of physicians regarding the absence of the hymen, or to account for a condition of pregnancy. 33 Cyc. 1481.

In the case of State v. Paddock, 86 Mont. 569, 284 Pac. 549, 550, which was a case similar to this, the court said:

"There are many cases supporting the view that where the state introduces evidence showing that the acts of defendant brought about a condition of pregnancy, or a destruction of the hymen, the defendant has the right to show that prosecutrix had improper relations with other men at about the time when she claims the defendant had intercourse with her, in order to account for her condition compatible with his innocence. Among such cases are the following: State v. McPadden, 150 Minn. 62, 184 N. W. 568; Commonwealth v. Duff, 245 Mass. 81, 139

N. E. 351; Atkeison v. State, 100 Tex. Cr. R. 313, 273 S. W. 595; O'Chiato v. People, 73 Colo. 192, 214 Pac. 404; Climer v. State, 162 Ark. 355, 258 S. W. 323; Thomas v. State, 178 Ark. 381, 11 S. W. 2d 771; Fuller v. State, 23 Ariz. 489, 205 Pac. 324; State v. Orton [69 Utah, 304], 254 Pac. 1003; Kayes v. Commonwealth, 221 Ky. 474, 298 Pac. 1096; State v. Edwards [33 N. M. 51], 261 Pac. 806; State v. Quirk, 38 Wyo. 462, 268 Pac. 189; State v. Williams, 161 La. 851, 109 So. 515; People v. Russell, 241 Mich. 125, 216 N. W. 441; State v. Kraus, 175 Minn. 174, 220 N. W. 547."

In the case of People v. Brehm, supra, the court held that, where a physician had testified that the hymen of prosecutrix had been ruptured, but that he was unable to say when it had been done, it was error to refuse permission to cross-examine prosecutrix as to illicit relations with other men. And held further:

"Proof of absence of hymen day after alleged statutory rape and opportunity, together, held not to constitute corroboration of prosecutrix."

In this case a careful examination of the record fails to show any fact or circumstance tending to corroborate the testimony of the prosecutrix, her testimony consists almost exclusively of monosyllabic answers to leading and suggestive questions propounded by the county attorney, and there does not appear to have been any necessity or propriety in asking her leading questions which so clearly suggested the answers to the witness.

Aside from the testimony of the prosecutrix, there was no evidence whatever tending to corroborate her testimony as to the several acts, and there was no evidence whatever tending to show the surrounding circumstances or facts of prior and subsequent acts of intercourse between the prosecutrix and the defendant. She stated that the first act and the last act were committed at Tell, Tex.

This is the only detail as to time or place of said occurrence. No testimony was given by her as to the particulars and there was no direct evidence showing penetration.

It also appears that she made no complaint of injury or mistreatment on the part of the defendant until over eight months had elapsed from the date alleged in the information that the acts charged occurred.

The charge of illicit sexual relations is easily made, and often inspired by malice. hidden motives, or revenge, and evidence to establish the same may be easily fabricated and hard to disprove. As has been well stated by an able jurist: "There is no class of prosecution attended with so much danger, or which affords so ample an opportunity for the free play of malice and private vengeance. In such cases the accused is almost defenseless.

In our opinion no person charged with crime should be convicted on such improbable, inconsistent, and unreasonable testimony as that given by the prosecutrix in this case.

Our conclusion is that the evidence was insufficient to justify or sustain the verdict, and that the verdict was more the result of prejudice than the calm and dispassionate conclusion of the jury upon the facts in evidence.

We may remark here that a spirit of unfairness throughout the trial is apparent.

A fair trial is guaranteed to all persons whether innocent or guilty, and it is the duty of the trial court to uphold this guaranty.

It must not be forgotten that the rules of law in criminal cases are made not only to bring about the punishment of the guilty, but also to protect accused per-

sons upon the presumption that they are innocent of crime until their guilt has been established beyond a reasonable doubt.

For the reasons stated and because the evidence is entirely insufficient to support the conviction, the judgment of the trial court should be reversed and the defendant discharged. It is so ordered.

DAVENPORT, P. J., and BAREFOOT, J., concur.